Inés Parrilla, demandante y apelante, *v.* Loíza Sugar Company, demandada y apelada.

No. 6697.—*Sometido:* Noviembre 18, 1935. *Resuelto:* Febrero 20, 1936.

*Carlos D. Vázquez,* abogado del apelante; *Jaime Sifre, Jr., Horacio Franceschi* y *Antonio J. Matta,* abogados de la apelada.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

La corte de distrito declaró con lugar la moción de la demandada para eliminar parte de la demanda original. Más tarde declaró con lugar otra moción de la demandada para

eliminar parte de la demanda enmendada. Por último sostuvo una excepción previa a la segunda demanda enmendada y desestimó el recurso. La demandante apeló de la sentencia desestimatoria e incluyó en el legajo de sentencia copia de las dos mociones y de las dos órdenes. La apelada solicita ahora que se eliminen del legajo de sentencia las copias de las mociones y de las resoluciones. La apelante insiste en que las mociones y órdenes forman propiamente parte del legajo de sentencia y pide que, en caso de que se declare con lugar la moción de la apelada, se le permita elevar las mociones y las resoluciones en un pliego de excepciones.

■■ Las mociones para eliminar alegaciones total o parcialmente, a menos que tales mociones participen de la naturaleza de una excepción previa, y las órdenes decretando que tales alegaciones o parte de las mismas sean eliminadas, no figuran entre los documentos que el secretario "deberá unir y archivar" inmediatamente después de registrada la sentencia para que constituyan el legajo de sentencia tal cual ha sido definido por el artículo 233 del Código de Enjuiciamiento Civil. Según la ley aprobada dos años después de la adopción del Código de Enjuiciamiento Civil, no sólo las alegaciones, sino también todas las mociones, órdenes y cuantos escritos hayan de constar en los autos de las cortes de distrito, son actualmente compilados, cosidos por el orden de su ingreso en los autos para que formen al quedar terminado un tomo consecutivamente compaginado y con su índice, que constituirán los autos oficiales en la corte de distrito. Véanse Estatutos Revisados de 1911, secciones 1645 y 1651. Por tanto, al secretario hoy en día no se le exige que una y radique después de la sentencia las alegaciones y documentos especificados en el artículo 233, supra. Antes de dictarse la sentencia, dichos documentos, a excepción de la sentencia misma, ya han sido cosidos en orden cronológico y en forma de libro y consecutivamente numerados. Conforme rige la ley en la actualidad, ella no exige que el secretario duplique este trabajo. Cuando se perfecciona un re-

curso de apelación, este funcionario meramente eleva copia certificada de las alegaciones y documentos necesarios para constituir el récord en apelación.

Sin embargo, los autos en apelación son ahora sustancialmente los mismos que antes de aprobarse la ley de 1906. Ésta no hizo necesario que se elevaran en apelación todos los autos del caso ante la corte de distrito, ni autorizó una desviación radical de la práctica anterior. Véase *A. Alvarez & Hnos*. v. *Álamo*, 36 D.P.R. 54. No obstante, la ley de 1906, da flexibilidad adicional a los artículos 233 y 299, al inter-. pretarlos en armonía con la sección 213 del Código de Enjuiciamiento Civil.

De conformidad con los términos expresos del artículo 213 una providencia excluyendo una alegación en todo o en parte "se considerará excepcionada; y dicha excepción . . . siempre que dicha providencia o decisión y los documentos en que se basa formen parte de los autos y legajos del pleito, no es necesario que se incluyan en el acta de excepciones, a menos que las partes interesadas lo solicitaren; pero si resultaren de los autos y legajos del pleito, podrán ser revocadas (*sic*) en apelación, como si constasen en el pliego de excepciones."

La referencia a "el" pliego de excepciones presupone la existencia de tal pliego, pero dispone que aun cuando exista un pliego de excepciones la excepción que por ministerio de ley se presume haberse tomado, no necesita hacerse formar parte cuando la resolución excepcionada y los documentos en que se basó "forman parte de los autos y legajos del pleito." Cuando se han tomado otras excepciones durante el curso del juicio y es necesario preparar un pliego de excepciones para determinar las mismas y hacer que ellas y las órdenes o resoluciones excepcionadas formen parte del legajo, quizá la mejor práctica sería incluir en tal pliego de excepciones la orden y los documentos en que la misma se basó y a que se hace referencia en el artículo 213. Sea ello como fuere, la parte apelante a su opción puede preparar y someter un

pliego de excepciones para elevar las providencias mencionadas en el artículo 213 y los documentos en que las mismas se fundaron. No estamos preparados para decir que debe hacerse esto, no obstante las disposiciones. del artículo 213 y de la ley de 1906, meramente porque el artículo 233 no especificó las órdenes y documentos a que se hace referencia en el artículo 213 entre los documentos que el secretario debía "unir y archivar" para constituir el legajo de sentencia.

El fin primordial de un pliego de excepciones, conforme indica el artículo 299, es especificar y determinar "las excepciones tomadas durante el curso de los procedimientos." Cuando las únicas excepciones envueltas son aquéllas que por ministerio de ley se consideran tomadas y cuando la ley expresamente dispone que no es necesario que las mismas sean formuladas ni incluídas en un pliego de excepciones y además que las órdenes que se consideran excepcionadas pueden ser revisadas por esta corte (cuando las mismas forman parte de los autos y legajos del pleito) tales órdenes y documentos (por lo menos desde que se aprobó la ley de 1906) deben ser considerados como parte del legajo de sentencia dentro del significado de dicha frase según se usa la misma en el artículo 299. Bajo tales circunstancias y especialmente cuando, como en el caso de autos, el legajo de sentencia es certificado por los letrados de las partes, un pliego de excepciones (a no ser que lo exija una interpretación innecesariamente estricta de los artículos 233 y 299) no resultaría en absoluto provechoso, impondría a un apelante el cumplimiento de una labor superflua y causaría demora y gastos indebidos en la prosecución del recurso. Si en el presente caso, por ejemplo, nos viéramos constreñidos a excluir del legajo de sentencia las mociones y órdenes en cuestión, declararíamos desde luego con lugar la moción de la apelante solicitando permiso para elevar tales órdenes y mociones mediante pliego de excepciones. Al ser así elevadas, tales órdenes y mociones estarían ante nos en el pliego de excepciones en vez de en el legajo de sentencia,

según ocurre ahora. De lo contrario la situación permanecería inalterada. Pero aún así, nos confrontaríamos con las mismas cuestiones ya suscitadas por la apelante en su alegato, y la decisión de esas cuestiones por este tribunal habría sido y será exactamente la misma que sin la ayuda del pliego de excepciones. Los artículos 233 y 299 no deben ser interpretados en tal forma que exijan la realización de algo fútil.

En armonía con el espíritu, de no serlo con la letra, de la sección primera de la "Ley para transformar la Corte Suprema de Puerto Rico en corte de apelación," aprobada el 12 de marzo de 1903 (Estatutos Revisados de 1911, sección 1141) el factor dominante al disponer de cuestiones dudosas de práctica, comparativamente sin importancia y técnicas, debe ser un fin definido "para la mejor administración de justicia y del derecho, y evitar injusticias y demoras."

*Debe declararse sin lugar la moción.*

El Juez Asociado Señor Córdova Dávila no intervino.