BERNARDO PIRIS GONZÁLEZ, como padre con patria potestad de la menor BERNARDINA PIRIS ORENSE, ETC., demandante y apelante, *v.* EPIFANIO HERNÁNDEZ, ETC., demandado y apelado.

Núm. 8323.—*Sometido:* Diciembre 2, 1941. *Resuelto:* Enero 15, 1942.

*C. del Toro Fernández,* abogado del apelante; *M. Cruz Horta,* abogado del apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Bernardo Piris, padre de Bernardina Piris, joven de 18 años de edad, demandó a Epifanio Hernández en reclamación de daños y perjuicios causados a la menor al seducirla bajo promesa de matrimonio.

En la demanda se alega que el demandado, hombre casado, entabló relaciones amorosas con Bernardina, bajo promesa de matrimonio que de palabra y por escrito hiciera a la menor y a su padre, con la falsa representación de que era soltero; que la seducción de la menor ocurrió el 10 de julio de 1938; que en el momento en que consintió que Epifanio Hernández tuviera contacto carnal con ella y gozara de su virginidad, dicha menor era una joven soltera, pura y como tal reputada en la comunidad; que desde el 11 de julio de 1938 el demandado fué aplazando el cumplimiento de su promesa de matrimonio hasta un día del mes de enero de 1939, en que al exigirle Bernardina que la cumpliese, porque iba a ser madre, el demandado le confesó que era casado; que esa confesión le produjo a Bernardina una fuerte crisis nerviosa y como consecuencia un parto prematuro inmediato. Se reclama la suma de $2,000 como compensación por la angustia mental y los sufrimientos físicos experimentados por la menor y por el daño causado a su buen nombre entre sus vecinos y relacionados.

Anotada la rebeldía del demandado y celebrada la vista del caso, en octubre 6 de 1939 la Corte de Distrito de San Juan declaró probadas las alegaciones esenciales de la demanda y dictó sentencia condenando al demandado a pagar a la demandante la suma de $1,500 y las costas, sin incluir honorarios de abogado.

Durante todo el procedimiento hasta la fecha de la sentencia, el demandado estuvo representado por el abogado J. A. Casablanca, quien no renunció dicha representación hasta el 21 de octubre de 1939. El día 23 del mismo mes, el demandado designó a los abogados Cruz Horta y Torres

Aguiar para representarle en este caso, y en esa misma fecha dichos abogados radicaron una moción solicitando se dejase sin efecto la sentencia y se permitiese al demandado contestar la demanda. Los fundamentos de dicha moción son:

1. Que desde que se inició el pleito el demandado designó como su abogado al Lic. Casablanca, pagándole $155 como honorarios; y que hasta la fecha en que le fué notificada la sentencia, el demandado estuvo bajo la impresión de que dicho abogado había comparecido en los autos para defender sus derechos.

2. Que el 21 de octubre de 1939 el demandado fué a la corte a investigar personalmente los autos y quedó sorprendido al ver que la corte había dictado sentencia en rebeldía y que la misma había sido notificada al abogado Casablanca; que acto seguido nombró a los abogados Cruz Horta y Torres, dándoles instrucciones para solicitar la anulación de la sentencia y preparar una contestación a la demanda; y que en vista de los hechos relatados por el demandado a sus abogados, éstos le han informado al demandado que tiene una buena, justa y válida defensa contra la acción que se ejercita contra él en este caso.

En apoyo de dicha moción se presentó un *affidavit* de méritos suscrito por uno de los abogados del demandado y un proyecto de contestación, en la que el demandado niega específicamente todas y cada una de las alegaciones esenciales de la demanda.

El demandante formuló una extensa oposición a la solicitud para que se dejara sin efecto la sentencia, haciendo una detallada exposición de las dilaciones injustificadas en que había incurrido el abogado del demandado antes de que se le anotase por segunda vez la rebeldía; y alegando, además, que el único interés que tiene el demandado en conseguir la anulación de la sentencia es el de obtener por ese medio la anulación del embargo preventivo trabado sobre sus bienes, sin fianza, después de dictada dicha sentencia.

En noviembre 15, 1939, la corte sentenciadora dictó una resolución por la cual declaró con lugar la moción del demandado, dejó sin efecto la sentencia dictada en rebeldía y admitió la contestación ofrecida por el demandado, condenando a éste a pagar las costas causadas a la parte demandante, incluyendo $50 por honorarios de abogado. No conforme con dicha resolución, la parte demandante interpuso el presente recurso. Para sostenerlo ha radicado un extenso alegato en el que imputa a la corte inferior la comisión de los siguientes errores:

"*Primero*: La corte de distrito apelada erró al admitir implícitamente que el demandado tiene una defensa meritoria, exponiendo que examinó cuidadosamente las alegaciones juradas de la demanda y de la contestación con las afirmaciones que se hacen en la moción y en el affidavit de méritos en que funda su solicitud dicho demandado, encontrando que éste niega el hecho esencial que sirve de base a la reclamación de la demandante.

"*Segundo:* Erró la corte apelada abusando de su poder discrecional cuando apreció separadamente la negligencia del abogado por omisiones directas de éste y la negligencia del demandado por omisiones directas de este otro; y cuando ignoró los testimonios de los taquígrafos Miguel Ángel Morales y Pedro R. Arroyo creditivos de que Hernández y Casablanca dos meses más o menos antes de la vista sostuvieron en su presencia una discusión acalorada en la que aquél dijo a éste que no quería saber más del asunto ni seguirlo; que lo dejara. Todo esto, para concluir que la negligencia de Epifanio Hernández no era tan grave que impidiese el ejercicio de su discreción por la corte, anular la sentencia y decretar la apertura de rebeldía."

■■ El artículo 140 del Código de Enjuiciamiento Civil concede a la corte inferior la facultad discrecional para eximir a una parte litigante de los efectos de una sentencia que se hubiese dictado contra ella, por causa de equivocación, inadvertencia, sorpresa o excusable negligencia.

Es regla bien sentada y seguida en esta jurisdicción la de que la concesión o denegación de una solicitud para que se deje sin efecto una sentencia dictada en rebeldía es una cuestión que cae dentro de la sana discreción de la corte ante

la cual se formula la solicitud; y a menos que esa discreción haya sido mal usada, la corte de apelaciones no intervendrá. *Harbaugh* v. *Honey Lake etc. Co:,* 109 Cal. 70; *Foley* v. *Foley,* 120 Cal. 33, 38; *O'Brien* v. *Leach,* 139 Cal. 220. Y en *Pelegrinelli* v. *McCloud River Lumber Co.,* (Cal. App.), 82 P. 695, se resolvió que una orden declarando con lugar o denegando una moción para dejar sin efecto la rebeldía del demandado no será revocada en apelación a menos que se demuestre claramente un abuso de discreción, y especialmente cuando la moción ha sido declarada con lugar.

¿Se ha cometido en el caso de autos un abuso de discreción de tal naturaleza que justifique nuestra intervención para dejar sin efecto la resolución recurrida?

El demandado fué emplazado el día 4 de abril de 1939 y el 13 del mismo mes su abogado Sr. Casablanca radicó una moción para eliminar ciertas partes de la demanda. El demandado no compareció a sostener su moción y ésta fué declarada sin lugar el 17 de mayo de 1939, concediéndose al demandado diez días para alegar contra la demanda. El 31 del mismo mes se anotó la rebeldía del demandado. En junio 2 del mismo año, el demandado solicitó y obtuvo una prórroga de treinta días para hacer su alegación; y en 23 de junio la corte inferior le concedió una nueva prórroga de quince días, que vencieron el 10 de julio, sin que el demandado radicase alegación alguna. El 28 de agosto de 1939 la parte demandante solicitó que se dejasen sin efecto las prórrogas concedidas con posterioridad a la anotación de la rebeldía y que ésta quedase subsistente y válida. En septiembre 9 se anotó por segunda vez la rebeldía del demandado y el 22 de septiembre de 1939 se celebró la vista del caso, dictándose en octubre 6 la sentencia que fué más tarde anulada por la resolución recurrida.

De lo expuesto se desprende que por la negligencia del demandado o de su abogado, el demandante se ha visto obligado a esperar más de seis meses para poder obtener una contestación a su demanda. El demandado admite que hubo

negligencia por su parte, pero hace responsable de ella a su abogado. En la vista de la moción para dejar sin efecto la sentencia, el demandado declaró así: que hizo gestiones para que el Lic. Casablanca le atendiera el asunto, para lo cual se veía con él cada cuatro o cinco días; que Casablanca siempre que le veía le pedía dinero y le decía que el caso iba bien; que llegó a darle $155; que vino a enterarse de que el caso había sido resuelto cuando le embargaron su negocio; que entonces fué a Secretaría y se enteró que había una sentencia en rebeldía; que por recomendación de un primo suyo fué a ver al Lic. Cruz Horta y que éste le ha dicho que tiene· una buena defensa; que no es cierto que Casablanca hiciese gestiones para que le diese los datos necesarios para contestar la demanda y que él dejase de dárselos; y que tampoco es cierto que él estuviese en fiscalía con Casablanca y que en presencia de los taquígrafos Arroyo y Morales dijera que no tenía interés en el pleito y que lo dejara.

En oposición a las negativas del demandado, declararon los taquígrafos Morales y Arroyo haber oído una conversación entre el demandado y Casablanca; que éste le cobraba al demandado cierta cantidad y ·el demandado se oponía a dársela; que ambos estaban molestos y el demandado terminó diciendo a Casablanca que dejara eso, que él no quería seguir el asunto, y Casablanca se levantó y se fué.

En la resolución recurrida la corte inferior se expresó así:

"No hay duda alguna de que no sólo el demandado personalmente, pero que también su abogado, han sido negligentes en la tramitación de este litigio, pues no obstante haberse radicado la demanda en marzo 30 de 1939, de que el demandado fué emplazado en 4 de abril siguiente, éste se limitó a radicar un escrito o 'moción eliminatoria' que fué declarada sin lugar por esta corte con fecha 16 de mayo de 1939, sin que el demandado se aprovechara en esa ocasión del término de diez días que le concedió el tribunal para alegar contra la demanda, y si bien aparecen dos mociones de prórroga radicadas, lo cierto es que las mismas se archivaron fuera de término, por lo que la rebeldía del demandado fué anotada en los autos en 18 de septiembre de 1939, luego de abandonada volunta-

riamente por la demandante otra rebeldía anotada en 31 de mayo de 1939. Sin embargo, la negligencia del demandado. no es tan grave que impida a esta corte el ejercicio de su discreción bajo el artículo 140 del Código de Enjuiciamiento Civil para dar al demandado una oportunidad en estè caso para oírle en su alegada defensa contra la reclamación de la demandante. Dando crédito a las manifestaciones bajo juramento hechas en corte abierta por el demandado Epifanio Hernández, al efecto de que si no realizó diligencia personal alguna para investigar el estado del litigio fué porque siempre que le preguntaba a su abogado éste le informaba que la acción seguía su curso normal, tenemos que convenir en que su negligencia es en ese sentido excusable, aunque la actitud del abogado que así haya actuado la consideramos censurable e injustificada.''

*De los hechos que hemos expuesto surge tan claro y evidente el abuso de discreción cometido por la corte inferior que consideramos nuestro deber revocar la resolución recurrida dejando en todo su vigor y efecto la sentencia dictada por la corte inferior el día 6 de octubre de 1939.*