GREGORIA ITURRIAGA LOPATEGUI, demandante y apelada, *v.* JOSÉ FERNÁNDEZ, demandado y apelante; GIL FERNÁNDEZ RODRÍGUEZ y FRANCISCA FERNÁNDEZ ORTIZ, et al., interventores y apelantes.

Número 11157.

*Sometido:* 12 de noviembre de 1954. *Resuelto:* 28 de febrero de 1955.

*Víctor M. Parés,* abogado de los apelantes; *C. Domínguez Rubio,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del Tribunal.

Los apelantes son herederos testamentarios o legatarios de Manuel Fernández Riesco. Entre las bajas del caudal hereditario figuraba una deuda a favor de Antonio Manjón Fernández montante a $3,100, más intereses al 6 por ciento anual, garantizada con hipoteca constituída por escritura pública otorgada allá para el 23 de mayo de 1925. Al llevarse a cabo la partición de la herencia, el demandado José Fernández se obligó a pagar dicha deuda, con sus intereses. A cambio de ello se le adjudicó una finca de 58 cuerdas situada en los barrios Cuyón y Roble del municipio de Aibonito, estipulándose en la Escritura de Protocolización, luego de describirse la parcela por sus cuatro puntos cardinales, que:

"Esta parcela permanecerá en posesión del citado Fernández para pago de las citadas bajas. Si bien él no pagará nada por arrendamiento o uso de la misma, deberá pagar las contribuciones que proporcionalmente le correspondan en el total de las que se pagan por dicha finca en totalidad, y los intereses de la hipoteca desde el 23 de junio del corriente (1931), hasta su pago definitivo.

"Si resultare que la deuda del Sr. Manjón fué pagada, o que no hay personas con derecho a la misma, esta parcela se entenderá que pertenece, dos terceras partes para los herederos del Sr. Fernández, y la otra a don José Fernández y sus hermanos legatarios. Y si hay que pagar, queda adjudicada la parcela para con ella verificar el pago de lo adeudado."

El 10 de marzo de 1952 Gregoria Iturriaga Lopategui instó demanda en "cobro de dinero y reconocimiento de derechos" contra José Fernández y Osvaldo Ortiz.(¹) Alegó en ella ser la única y universal heredera de Manjón Fernández y solicitó el pago de los $3,100 antes mencionados, más $1,132 de intereses ya devengados y los que se devengaren hasta el pago total de la obligación. En la súplica de la demanda

___

(¹) Osvaldo Ortiz, quien fué incluído como demandado en su carácter de arrendatario de la parcela en cuestión, fué posteriormente eliminado del pleito a instancias de la propia demandante.

solicitó en la alternativa que se declarase de su propiedad la finca de 58 cuerdas antes indicada.

El demandado contestó mediante un escrito bajo su propia firma. En él alegó exclusivamente que la acción incoada en su contra estaba prescrita porque "en acciones sobre contratos sellados o acciones afectando títulos sobre bienes raíces, las reclamaciones serán presentadas dentro de veinte (20) años." La demandante presentó entonces una moción solicitando la eliminación de dicha defensa y sentencia sobre las alegaciones. Su moción estuvo acompañada de una declaración reconocida (*acknowledged*) ante el Vicecónsul de los Estados Unidos en Bogotá. El tribunal a quo señaló para vista esa moción, notificándose de ello debidamente al demandado Fernández. Al no comparecer éste en forma alguna, en 11 de marzo de 1953 se declaró con lugar la moción de la demandante y se dictó sentencia condenando al demandado a satisfacer a aquélla la suma de $3,100, más $1,732 de intereses vencidos y los que se devengaren a partir de la fecha de la sentencia, al tipo legal, más costas y $300 de honorarios. Expirado ya el término para apelar y siendo firme la sentencia, a instancias de la demandante el tribunal ordenó la venta en pública subasta de la finca de 58 cuerdas, previamente embargada para asegurar la efectividad de la sentencia que en su día pudiera recaer.

El 27 de agosto de 1953 el demandado Fernández, dentro del término prescrito en la Regla 60 (*b*) (²) de Enjuiciamiento Civil, y representado esta vez por abogado, presentó ante el tribunal a quo un escrito que tituló "Moción para que se deje sin efecto la sentencia y subasta en ejecución de sen-

---

(²) La Regla 60 (*b*) de las de Enjuiciamiento Civil dispone en lo pertinente que:

"Mediante moción, la corte, bajo aquellas condiciones que sean justas, podrá relevar a una parte o a su representante legal, de una sentencia, u orden dictada o acción tomada en su contra por *error, inadvertencia, sorpresa* o *negligencia excusable*. La moción deberá hacerse dentro de un término razonable, pero en ningún caso después de transcurridos seis meses de haberse dictado dicha sentencia, orden o haberse tomado dicha acción." (Bastardillas nuestras.)

tencia." El mismo día los otros apelantes presentaron un escrito que titularon "Solicitud de intervención para que se deje sin efecto la sentencia y se incluya como demandados a los comparecientes.([3]) Luego de oír a las partes, el tribunal inferior declaró sin lugar ambas mociones. Contra las respectivas resoluciones denegatorias de esas mociones apelaron tanto José Fernández como los presuntos interventores y han radicado un alegato común a ambos recursos. Sostienen que el tribunal inferior erró (1) al denegar la moción del demandado para que se dejara sin efecto la sentencia y la subasta y para que se le admitiera la contestación propuesta, acompañada a su moción; y (2) al denegar la solicitud de los interventores para que se les permitiera constituirse en demandados, se dejara sin efecto la sentencia y se les admitiera la contestación propuesta.

El demandado Fernández sostuvo en su moción que la sentencia dictada por el tribunal a quo debía dejarse sin efecto (a) porque él incurrió en el error y la negligencia excusables a que alude la Regla 60(b) supra y (b) por ser nula y errónea la sentencia dictada. Pasamos a discutir en seguida el primero de los fundamentos de esa moción.

Es incuestionable que la defensa de prescripción puede levantarse, bajo la Regla 12(b), por vía de moción para desestimar. *Ramos* v. *Pueblo*, 67 D.P.R. 640. También es innegable que antes de empezar a regir las Reglas de Enjuiciamiento Civil (1ro. de septiembre de 1943) y bajo el imperio del Código de Enjuiciamiento Civil si la parte demandada no comparecía a sostener su excepción previa (hoy día moción para desestimar) de falta de hechos ésta debía ser declarada sin lugar, pudiendo dictarse sentencia sobre las alegaciones. *Muñoz* v. *Nieves*, 53 D.P.R. 349. Igual sucedía si la excepción resultaba frívola. *Morales* v. *Iglesias Silva*, 49 D.P.R. 235; *Mora* v. *Rivera*, 25 D.P.R. 493. Empero, tanto la excep-

---

([3]) Tanto la moción del demandado Fernández como la solicitud de intervención de los demás apelantes estuvieron acompañadas de sendas contestaciones a la demanda.

ción de falta de hechos por haber prescrito la acción, como la moción para desestimar por igual fundamento, deben ser declaradas sin lugar cuando de la faz de la demanda no aparece fecha alguna que sirva de punto de partida para determinar la prescripción.([4a]) *Hernáiz, Targa & Cía., Sucrs.* v. *Cobián*, 41 D.P.R. 546. En este caso no aparecía ninguna fecha.

██ Una moción para dejar sin efecto la sentencia, como la del demandado Fernández, se rige por la Regla 60(*b*). *Great Am. Ins. Co.* v. *Corte*, 67 D.P.R. 564. Esa Regla debe ser interpretada liberalmente. Igual ocurre con la Regla 55(*c*).([4]) *Latoni* v. *Tribl. de Expropiaciones*, 71 D.P.R. 413.

██ No obstante, es principio de derecho que una moción de sentencia sobre las alegaciones no debe nunca ser declarada con lugar si existe una genuina controversia de hechos. *Irizarry* v. *Tribl. Contrib. y Buscaglia*, 71 D.P.R. 191, 201. Admitidos a virtud de la moción para desestimar los hechos esenciales de la demanda, no existía aquí ninguna genuina controversia de hechos. Además, para que se dicte sentencia sobre las alegaciones el derecho del promovente debe ser claro. *Sepúlveda* v. *Casanova*, 72 D.P.R. 62. Empero, la concesión o negativa de una moción para dejar sin efecto una sentencia es enteramente discrecional en el tribunal sentenciador. *Geer* v. *Pérez*, 59 D.P.R. 574; *Piris* v. *Hernández*, 59 D.P.R. 703; *Pueblo* v. *Rivera*, 59 D.P.R. 976. Y en apelación no se intervendrá con la determinación que a ese respecto hiciere el tribunal sentenciador, a menos que se demuestre que al proceder en la forma en que lo hizo dicho tribunal se excedió en su discreción. Véanse los casos que inmediata-

---

([4a]) Desde luego, cuando de la faz de la demanda no aparecen las fechas que pueden servir de base para la prescripción, el demandado puede someter con su moción a ese efecto, declaraciones juradas u otros documentos para fundamentar su alegación de que la acción ha prescrito.

([4]) La Regla 55(*c*) dispone que:

"Por causa justificada la corte podrá dejar sin efecto una anotación de rebeldía, y, cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 60(*b*)."

mente preceden, así como 3 Moore's *Federal Practice*, primera ed., sec. 60.05, pág. 3277.

En el caso de autos el tribunal a quo dictó las resoluciones apeladas luego de llevar a cabo una vista y de oír a las partes en relación con las dos mociones presentádasle. De la transcripción elevada en apelación no aparece lo ocurrido en dicha vista, como tampoco la evidencia considerada por dicho tribunal, si es que alguna se ofreció y admitió, para llegar a su determinación. Dado el contexto claro y terminante de la Regla 60(*b*) y dado el examen que de los autos hemos hecho, no nos es posible concluir que el tribunal sentenciador abusara de su discreción al negarse a dejar sin efecto la sentencia dictada, por haber incurrido el demandado Fernández en el error, la inadvertencia, la sorpresa, o la negligencia excusables de que habla dicha Regla.

Desestimado por improcedente el primer fundamento del recurso del demandado José Fernández, pasamos inmediatamente a considerar si el tribunal a quo debió dejar sin efecto la sentencia ya dictada por ser la misma nula e írrita. Convenimos con la apelada en que la Regla 60(*b*) por su contexto no autoriza que se deje sin efecto una sentencia por errores cometidos por un tribunal. En realidad dicha Regla se refiere a errores de la parte y no a errores del tribunal. *Guilhon & Barthelemy* v. *Corte*, 64 D.P.R. 303, 311 (nota 13); *González* v. *Am. Surety Co.*, 71 D.P.R. 354. Sin embargo, el juzgador viene obligado a declarar con lugar una moción para dejar sin efecto una sentencia firme e inapelable si la sentencia dictada es nula de su propia faz, es decir, cuando su nulidad se desprende del legajo de la sentencia.(⁵) *Alcázar* v. *Corte*, 67 D.P.R. 727. Nada hay en autos que revele que la sentencia dictada contra el demandado Fernández sea nula de su propia faz.

Conviene aclarar aquí, además, que la moción del

---

(⁵) El art. 233 del Código de Enjuiciamiento Civil define lo que se entiende por legajo de sentencia. Véanse, además, *Parri'la* v. *Loíza Sugar Co.*, 49 D.P.R. 601; Cal. Jur. 509, secs. 250 a 258; 4 Cal. Jur.2d 43, secs. 308 a 319.

demandado Fernández constituye un ataque colateral a la sentencia, en tanto en cuanto aquélla alega la nulidad de ésta como fundamento para que la misma se deje sin efecto. Véase *Pérez* v. *Tribunal de Distrito*, 70 D.P.R. 656. La sentencia dictada era ya firme e inapelable, y, según se ha indicado, la Regla 60(*b*) no establece la nulidad de la sentencia como fundamento para dejarla sin efecto. Las autoridades sobre la materia apoyan el criterio de que una sentencia no es nula por el hecho de ser errónea o anulable—véase 31 Am. Jur. 66, sec. 401—y hay algunas que se pronuncian en el sentido de que para que una sentencia sea nula es menester que se haya dictado por un tribunal sin jurisdicción sobre la persona o sobre la materia. 14 Cal. Jur. 1066, sec. 111. En el presente caso el tribunal sentenciador tenía jurisdicción tanto sobre la persona del demandado como sobre la materia envuelta en la acción. *Cf. Ortiz* v. *The Crescent Trading Co.*, 69 D.P.R. 501; opinión *per curiam* en *Flores* v. *Marxuach*, de fecha 10 de mayo de 1954. Así pues, no podemos decir que la sentencia dictada en este caso sea nula o inexistente.

 El demandado insiste además en que la sentencia dictada en su contra es nula porque la misma fué dictada sin que figuraran como demandados personas que eran partes indispensables en el pleito.(⁶) No estamos de acuerdo. La acción instada en su contra, estrictamente hablando, era una en cobro de dinero. Como secuela de la misma, y para asegurar la efectividad de la sentencia, fué que se embargó la parcela en cuestión. El hecho de que en el título de la demanda y en la súplica de ella se hable de reconocimiento de derechos sobre dicha finca, no altera en forma alguna la situación. Ni el uno ni la otra forman parte de la demanda. *Sánchez* v. *De Choudens*, 76 D.P.R. 1, 11, nota (2); *García* v. *García*, 70 D.P.R. 949, 957, nota (1); *Cruz* v. *Andrini*, 66 D.P.R. 124, 129. La sentencia dictada por el tribunal a quo se limitó a condenar al demandado Fernández al pago de una

---

(⁶) Para una definición de parte indispensable véase *Pueblo* v. *Henneman*, 61 D.P.R. 189, 194.

suma de dinero y no hizo determinación alguna en relación con la finca, ni en relación con el interés que los interventores pudieran tener en la misma. Si los interventores tenían algún derecho o interés sobre la finca embargada y más tarde vendida en pública subasta, y si tal derecho o interés debe ser ventilado en pleito separado e independiente, son cuestiones que no están de momento ante el tribunal y que es innecesario, por ende, resolver ahora. Los anteriores razonamientos disponen asimismo del único error señalado por los interventores.

*Debe confirmarse la sentencia apelada.*