ESTADO LIBRE ASOCIADO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR, SALA DE SAN JUAN, HON. PEDRO SANTOS BORGES, JUEZ, demandado; MANUEL FIGUEROA MARTORELL, hoy su SUCESIÓN, interventor.

*Número:* 2813      *Resuelto:* 5 de diciembre de 1962

*J. B. Fernández Badillo, Procurador General,* y *Arturo Estrella, Subprocurador General,* abogados del peticionario; *Víctor Gutiérrez Franqui* y *Federico Ramírez Ros,* abogados del interventor.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

En 30 de septiembre de 1955 el Tribunal Superior de Puerto Rico, Sala de San Juan, dictó sentencia final en un procedimiento de expropiación forzosa que se había iniciado dieciséis meses antes contra Manuel Figueroa Martorell, in-

vistiendo al Estado Libre Asociado de Puerto Rico con título sobre dos parcelas de terreno de 27.5668 y 0.8865 cuerdas sitas en el poblado de Palmer, en Río Grande. La acción se había incoado para el uso y beneficio de la Administración de Programas Sociales del Departamento de Agricultura y Comercio de Puerto Rico, y particularmente para los fines y propósitos del Título V de la Ley de Tierras de Puerto Rico. [1] Aproximadamente cinco años después, los miembros de la sucesión del demandado mencionado presentaron ante dicha Sala una moción que intitularon "de reversión" exponiendo que de los terrenos adquiridos para distribución y cesión en parcelas a agregados quedó un remanente de alrededor de 1,500 metros cuadrados impropio e inadaptable a los fines para los cuales fueron expropiados ni a ningún otro fin público. [2] por lo cual la Administración de Programas Sociales solicitó y obtuvo autorización de la Junta de Planificación para segregarlos, cambiar su uso y arrendarlos al señor Arturo Correa, quien se proponía dedicarlos a la construcción y explotación de una estación de servicio a automóviles, o sea, para el expendio de gasolina, venta de lubricantes y otros artículos. Indicaron además que habían realizado gestiones para la adquisición de la parcela en cuestión con preferencia [3] a cualquier otra persona.

---

[1] Artículos 74 a 79 de la Ley Núm. 26 de 12 de abril de 1941, según ha sido subsiguientemente enmendada, 28 L.P.R.A. secs. 551 a 556. Para las últimas enmiendas, véase, 28 L.P.R.A. (Supl. 1961), págs. 57–61.

[2] El artículo 75 de la Ley de Tierras, según últimamente enmendado por la Ley Núm. 85 de 20 de junio de 1955, 28 L.P.R.A. (Supl. 1961) sec. 552, págs. 57–58, dispone en la parte pertinente que: "La Autoridad [se refiere a la Administración de Programas Sociales] ... separará solares para ser arrendados a comerciantes y a establecimientos industriales en los cuales puedan trabajar los beneficiarios de este Título de la Ley ..." Véase, el Reglamento para el establecimiento y operación de tiendas y otros negocios en comunidades rurales establecidas por la Administración de Programas Sociales, 28 R. & R.P.R. secs. 552–1 a 552–4. Véase además, *Autoridad sobre Hogares* v. *Sagastivelza*, 72 D.P.R. 276 (1951).

[3] Esta preferencia puede reclamarse cuando los bienes expropiados dejaren de ser de utilidad pública, Ley Núm. 182 de 5 de mayo de 1949 (28 L.P.R.A. sec. 6), o cuando el Estado o la agencia que tuviere el título inscrito a su favor "resolviese enajenar, total o parcialmente, los bienes

Celebrada la vista correspondiente, el tribunal a quo dictó una resolución en 6 de julio de 1960, y, después de concluir que el arrendamiento intentado constituía una situación de enajenación parcial(4) a que se refiere la Ley Núm. 441 de 14 de mayo de 1947, 28 L.P.R.A. sec. 11, sostuvo que la agencia expropiante estaba en la obligación de "ofrecerle [el uso de] la propiedad al anterior dueño y sólo en casos de que él renuncie al derecho de prioridad que la ley le concede, puede la agencia arrendar a un tercero." En consecuencia, declaró nulos los contratos de arrendamiento otorgados por la Administración a favor del señor Arturo Correa, pero en lugar de autorizar la reversión solicitada, se limitó a ordenar el otorgamiento del arrendamiento a favor de los miembros de la sucesión del anterior dueño de estos terrenos "de modo que [la Administración] pueda continuar en posición de imponer condiciones y limitaciones al arrendamiento, cónsonas con la política establecida para la organización de estas comunidades." Esta resolución fue notificada a todas las partes, incluyendo al señor Correa. El Estado solicitó la reconsideración, la cual le fue denegada de plano en 13 de julio de 1960.

En 6 de diciembre del mismo año el Estado presentó una moción sobre relevo de orden o sentencia, en la que cándidamente admite que no tomó ninguna otra acción ulterior con respecto a la referida orden porque entendía que, en vista de que se le negó la reversión de título interesada, la sucesión promovente no intentaría acogerse a los términos de la misma

expropiados" Ley Núm. 441 de 14 de mayo de 1947 (28 L.P.R.A. sec 11). Véase *Autoridad sobre Hogares* v. *Colón,* 73 D.P.R. 215 (1952). Adviértase que en este último caso se requiere que se le dé a la persona interesada un aviso de la intención de enajenar los bienes expropiados con noventa días de anticipación.

Estas leyes fueron expresamente declaradas inaplicables en relación con las propiedades que adquiera la Administración de Terrenos de Puerto Rico, pero siempre se consagró una preferencia condicional a favor de los anteriores dueños, artículo 14(g) de la Ley Núm. 13 de 16 de mayo de 1962 (Leyes, pág. 12).

(4) Cfr. *P. R. Drydock* v. *Srio. de Hacienda,* 85 D.P.R. 735 (1962), en donde el Estado sostuvo una posición similar.

que ordenaba el otorgamiento del arrendamiento · a su favor.([5]) · Su solicitud se fundó en la alegada nulidad de la orden emitida, y se invocaron las disposiciones del inciso 4 de la Regla 49.2. La Sala de Exropiaciones declaró sin lugar de plano esta moción, sin la previa celebración de vista. Expedimos auto de certiorari para revisar esta última resolución.

· 1. Constituyó error del tribunal de instancia denegar la moción de relevo sin la celebración de una audiencia. En *Martínez* v. *Tribunal Superior*, 83 D.P.R. 358 (1961), consideramos una situación similar—tratábase de una moción para que se dejara sin efecto una sentencia por razón de fraude— y dijimos que bastaba examinar los seis fundamentos por los cuales puede solicitarse el relevo de los efectos de una sentencia, orden o procedimiento—entre los cuales se encuentra su alegada nulidad—para concluir que es imprescindible que se oiga a las partes antes de disponer de la misma, *Roca* v. *Thompson*, 77 D.P.R. 419 (1954), especialmente cuando para sustanciar las alegaciones de la misma es necesaria la presentación de prueba. Empero, la propia parte peticionaria admite que la moción por ella presentada ante el tribunal de instancia aduce exclusivamente cuestiones de derecho sobre las cuales podemos pasar directamente. Aunque ello nos priva del beneficio de la expresión de criterio por el magistrado recurrido, es conveniente, por la naturaleza de la cuestión envuelta, que la resolvamos ahora en lugar de

---

([5]) Tratándose de una parcela de terreno de 1,500 metros cuadrados con amplio frente a la moderna carretera estatal Núm. 3, que goza de un intenso tránsito de vehículos de motor por encontrarse en la ruta e inmediaciones del balneario de Luquillo por un canon de arrendamiento de $48.00 anuales, no acertamos a comprender cómo pudo acariciarse esta idea. Como cuestión de hecho, la situación de los promoventes es más ventajosa bajo una relación de arrendador y arrendatario, pues de haber logrado la reversión, el importe de las contribuciones territoriales hubiese excedido el canon anual. Es bueno consignar que el reglamento a que nos referimos en el escolio 2 autoriza el establecimiento de un canon *"calculado de acuerdo con el volumen de negocios y que no será menor de $4 mensuales."* 28 R. & R.P.R. secs. 552-3.

devolver el caso. Cfr. *Rossy* v. *Tribunal Superior*, 80 D.P.R. 729, 750 (1958); *Borinquen Furniture* v. *Tribunal de Distrito*, 78 D.P.R. 901, 903 (1956).

2. Como indicamos en la relación de hechos, la moción del Estado Libre Asociado solicitando se deje sin efecto la resolución de 6 de julio de 1960 se funda en la alegada nulidad de la misma, consistente, en un aspecto que se denomina de carácter procesal, por haber el tribunal de instancia excedídose en los pronunciamientos de su disposición de la moción al no haberse limitado a conceder o negar la reversión solicitada, y en un aspecto que se denomina sustantivo, por tratarse de una intervención indebida del poder judicial en atribuciones propias del poder ejecutivo. En realidad se hace difícil comprender claramente la impugnación que se formula, pues bajo tal designación, se han involucrado planteamientos que distan mucho del concepto de nulidad de sentencia. ■

La Regla 60(b) de las de Enjuiciamiento Civil de 1943, al igual que su correspondiente federal del mismo número, no incluía la nulidad de sentencia entre las razones por las cuales podría solicitarse por una parte el relevo de los efectos de una sentencia. Sin embargo, siempre se reconoció la facultad de los tribunales para dejar sin efecto sentencias nulas, *Iturriaga* v. *Fernández*, 78 D.P.R. 31 (1955); *Pueblo* v. *632 Metros Cuadrados de Terreno*, 74 D.P.R. 961, 981 (1953); *Alcázar* v. *Corte*, 67 D.P.R. 727 (1947). La regla federal,[6] en 1946, y la regla local, en 1958,[7] fueron enmendadas para incorporar la nulidad de sentencia entre las razones para dejar sin efecto una sentencia, orden o procedimiento. ■

En términos generales, una sentencia es nula sólo en aquellos casos en que se dicte por un tribunal sin jurisdicción sobre la materia o sobre la persona, *Iturriaga* v. *Fernández*, supra;

---

[6] Moore's *Federal Practice* (2da. ed.), vol. 7, § 60.25(1), pág. 257,

[7] Para una comparación de las disposiciones de ambas reglas, véase el escolio 2 de la opinión emitida en *Martínez* v. *Tribunal Superior*, 83 D.P.R. 358 (1961).

*Ortiz* v. *Crescent Trading Co.*, 69 D.P.R. 501 (1949) ; 29 Cal. Jur. 2d, *Judgments* § 120 ; Moore, *op. cit.*, §. 60.25 (2) , pág. 264 ; Barron y Holtzoff, *Federal Practice and Procedure*, Vol. 3, § 1327, págs. 312-13. Restatement, *Judgments* § 4 ; o cuando el tribunal ha actuado en forma inconsistente con el debido proceso de ley. *Bass* v. *Hoagland*, 172 F.2d 205 (CA 5, 1949) comentado en 59 Yale L. J. 345 (1950) y 62 Harv. L. Rev. 1400 (1949) ; cfr. *Sucn. Rosario* v. *Sucn. Cortijo*, 83 D.P.R. 678 (1961). Consistentemente se ha sostenido que la disposición que comentamos no se intentó como una medida para conceder remedio contra un sentencia u orden errónea del tribunal o como un sustituto para el recurso de apelación o revisión provisto por la ley. *Title* v. *United States*, 263 F.2d 28 (CA 9, 1959) ; *Elgin Nat. Watch Co.* v. *Barrett*, 213 F.2d 776 (CA 5, 1954). En *American National Bank & T. Co. of Chicago* v. *Taussig*, 255 F.2d 765 (CA 7, 1958), se indica que una moción bajo la Regla 60 (b) federal por razón de nulidad de la sentencia no fue adoptada para permitir que se evadiera la política pública envuelta en la regla que limita el término de las apelaciones, que no es otra que la conveniencia en la finalidad de las sentencias. ▪

Un examen de la resolución impugnada revela que no puede sostenerse que el tribunal careciera de jurisdicción sobre la materia o las personas afectadas por la orden dictada. En cuanto a la jurisdicción sobre la materia, independientemente de la presunción que tienen los tribunales de jurisdicción general, como el Tribunal Superior, resulta clara la de la sala sentenciadora por tratarse de una controversia relacionada con la expropiación forzosa de un inmueble; de un incidente, que si bien es posterior al propósito esencial de la acción—fijación de la compensación justa y razonable—, guarda estrecha relación con el mismo. Insinúa la parte peticionaria que el tribunal de instancia no tenía jurisdicción sobre la persona del arrendatario Correa, porque no se le unió formalmente como parte. Presumiendo que ella pudiera abrogarse la representación de este último para plantear esta cuestión per-

sonal de jurisdicción, de la resolución dictada aparece que Corrrea compareció a la vista personalmente, y que se le dio la oportunidad de examinar todos los documentos presentados y de examinar a los testigos que prestaron testimonio. También se le notificó la resolución y orden dictadas. Esto era suficiente. ■

Carece de méritos la alegación—que interpretamos se dirige a impugnar la jurisdicción del tribunal—al efecto de que el juez recurrido se excedió en los términos de la orden dictada. No estaba obligado simplemente a decretar o negar la reversión solicitada, sino que podía enunciar cualquier pronunciamiento que fuera compatible con la situación de hechos que consideraba. Así, consecuencia inevitable de su determinación de que el arrendamiento era una enajenación en relación con la cual la ley le concedía preferencia a la sucesión promovente, era su mandato de que en cumplimiento de la ley que consagra esta preferencia, el contrato se otorgara a favor de la Sucesión Figueroa, para lo cual era preciso dejar sin efecto el otorgado a favor de Correa. El mismo razonamiento es aplicable al especioso argumento de que la orden equivale a una actuación interdictal para evitar el cumplimiento de una ley de la Asamblea Legislativa. ■

Es inescapable que todos los planteamientos que se aducen van dirigidos a impugnar la corrección de la resolución dictada.[8] Pero, como hemos expuesto anteriormente, el vehículo procesal para ello no es una moción bajo la Regla 49.2 de las de Procedimiento Civil de 1958. Desafortunadamente para la parte peticionaria no ejercitó oportunamente los remedios que tenía a su alcance. Es muy tarde para evitar las consecuencias de su propia actuación.

*Se anulará el auto expedido y se confirmará la resolución dictada por el Tribunal Superior, Sala de San Juan, en 6 de julio de 1960.*

---

[8] No debe entenderse que estamos expresando criterio alguno sobre la corrección de los méritos de la resolución dictada por la Sala de San Juan.