# 99 DTA 209

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL I – SAN JUAN
PANEL IV**

ISABEL BETANCOURT BARRETO
Recurrida

v.

LUIS E. PASTOR H/N/C PASTOR REALTOR; LUIS CORDERO
Recurrentes

Núm. KLRA-98-00260

San Juan, Puerto Rico, a 11 de junio de 1999

Panel integrado por su Presidenta, la Juez López Vilanova,
el Juez Cordero y la Juez Feliciano Acevedo

Cordero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparece el Sr. Luis E. Pastor (el recurrente) y solicita la revisión de una resolución emitida por el Departamento de Asuntos del Consumidor (DACO) que ordena al recurrente devolver a la Sra. Isabel Betancourt Barreto (la recurrida) la suma de $8,000.00 que ésta pagó como depósito de un Contrato de Venta de un inmueble.

La parte recurrente alega que DACO erró: (1) al no considerar toda la evidencia presentada; (2) al determinar que el recurrente incurrió en actos o prácticas proscritas bajo la Ley Núm. 10 de 26 de abril de 1994, 3 L.P.R.A. sec. 3025 y ss., mejor conocida como la Ley para Reglamentar el Negocio de Bienes Raíces y la Profesión de Corredor, Vendedor o Empresa de Bienes Raíces de Puerto Rico *("en adelante Ley Núm. 10"); (3)* al no citar a la institución financiera a través de la cual la recurrida gestionó el financiamiento de la compra del inmueble para que presentara todos los documentos relacionados con las gestiones que la recurrida llevó a cabo; y (4) al no considerar que el término del Contrato de Venta había vencido, por lo que procedía la confiscación del depósito.

Luego de analizar los hechos del caso, la ley y la jurisprudencia aplicable, procedemos a confirmar la resolución recurrida.

I

El 27 de octubre de 1996, la recurrida firmó un Contrato de Venta de Inmueble. En el mismo comparecen, como parte vendedora, el Sr. Luis F. Cordero y su esposa, y como parte compradora, la recurrida. El recurrente

sirvió como intermediario de la venta en su capacidad de corredor de bienes raíces. ■

El contrato tenía un término de noventa (90) días. El mismo disponía el pago de $8,000.00 por parte de la recurrida como depósito, el cual sería acreditado al precio luego de concluir la compra bajo los términos establecidos en el contrato. El depósito dado por la recurrida fue hecho a nombre del recurrido, quien lo depositó en una cuenta de plica *("escrow")*.

Luego de varios trámites entre las partes y transcurrido el término de los noventa (90) días que establecía el contrato, el recurrente confiscó la cantidad de $8,000.00 pagada por la recurrida. Dos (2) semanas más tarde, la institución financiera, a través de la cual la recurrida gestionó el financiamiento para la compra del apartamiento, denegó el mismo.

La recurrida presentó una querella ante el DACO contra el recurrente y solicitó la devolución de los $8,000.00 pagados como depósito. ■ El recurrente compareció ante el DACO. Luego de la celebración de una vista adjudicativa, el DACO ordenó, mediante resolución, al recurrente devolver la cantidad solicitada por la recurrida. Inconforme con esta decisión, el recurrente solicitó reconsideración. El DACO denegó la reconsideración y el recurrente acude ante nos para que revisemos.

## II

La función revisora de los tribunales con respecto a las determinaciones de las agencias administrativas es una de carácter limitado. Es norma reiterada que las conclusiones e interpretaciones de los organismos administrativos especializados merecen gran deferencia si las mismas están sostenidas por evidencia sustancial. Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme de 12 de agosto de 1988, 3 L.P.R.A. sec. 2175; *García Oyola v. Junta de Calidad Ambiental*, ___ D.P.R. ___ (21/feb/97), **97 J.T.S. 25**, a la pág. 663; *Metropolitana S.E. v. A.R.P.E.*, ___ D.P.R. ___ (10/abr/95), **95 J.T.S. 39**, a la pág. 767.

Esto es así, ya que las agencias administrativas cuentan con la experiencia y los conocimientos altamente especializados sobre los asuntos que se encuentran dentro del ámbito de sus facultades y responsabilidades. *La Facultad para las Ciencias Sociales v. C.E.S.*, ___ D.P.R. ___ (2/jun/93), **93 J.T.S. 88**, a la pág. 10783. Por consiguiente, la intervención con dichas determinaciones sólo estará justificada cuando la agencia obra de manera arbitraria, ilegal o en forma tan irrazonable que su actuación constituye un abuso de discreción o cuando la determinación no se sostenga mediante prueba sustancial. *Misión Industrial v. Junta de Planificación*, ___ D. P.R. ___ (30/jun/97), **97 J.T.S. 34**, a la pág. 728; *Fuertes v. A.R.P.E.*, ___ D.P.R. ___ (17/dic/93), **93 J.T.S. 165**, a la pág. 11385; *Murphy Bernabé v. Tribunal Superior*, 103 D.P.R. 692, 699 (1975). La parte que impugna la determinación de la agencia tiene el peso de probar que la misma fue arbitraria, irrazonable o que se tomó en ausencia de evidencia sustancial. *Henríquez v. C.E.S.*, 120 D.P.R. 194, 210 (1987).

En el caso de autos, el recurrente no cumplió con los requisitos anteriores. Veamos.

La Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988 (según enmendada), 3 L.P.R.A. sec. 2158, dispone, entre otras, que:

*"(a) Los procedimientos de descubrimiento de prueba no serán de aplicación a los casos de adjudicación administrativa, a menos que se autoricen en los reglamentos de procedimiento de adjudicación de la agencia y así lo autorice el funcionario que presida el procedimiento adjudicativo. No obstante lo anteriormente dispuesto, en los reglamentos de las agencias se garantizará a todo querellado el derecho a los mecanismos de descubrimiento de prueba para los casos en que el procedimiento de adjudicación sea promovido a iniciativa de la agencia.*

*(b) Podrá, además, emitir citaciones para la comparecencia de testigos; órdenes para la producción de documentos, materiales u otros objetos; y órdenes protectoras, conforme a las Reglas de Procedimiento Civil."*

Por su parte, el Reglamento Núm. 5416 de DACO sobre las Reglas de Procedimiento Adjudicativo de la agencia establece en la Regla 25.1 lo siguiente:

*"Las Reglas de Procedimiento Civil y de Evidencia no serán de estricta aplicación a las vistas administrativas, sino en la medida en que el funcionario que presida la vista o el Departamento estime necesario para llevar a cabo los fines de la justicia."*

No obstante, la Regla 21.3 del mismo Reglamento dispone que la notificación para la celebración de la vista administrativa podrá ir acompañada de una orden requiriendo la comparecencia de testigos, la presentación de documentos, libros y objetos.

## III

Como hemos señalado, el recurrente sí tenía facultad para solicitar una citación para traer al oficial de la institución financiera para que testificara como testigo, pero no podía exigir su acumulación como parte indispensable en los procedimientos. Del expediente que obra en autos no surge en qué momento, si alguno, el recurrente le solicitó a la Juez Administrativa que citara la comparecencia del oficial de la institución financiera a través de la cual la recurrida tramitó el financiamiento para la compra del inmueble. Por consiguiente, el recurrente no ha puesto a este Tribunal en posición de resolver si DACO falló al no expedir la citación que el recurrente considera necesaria para probar su caso.

Próximo, en su Escrito de Reconsideración ante DACO, el aquí recurrente explica:

*"En varias ocasiones se le señaló a la Juez Administrativa que faltaba una parte indispensable en el caso y que el querellado no tenía facultad para citarlo. La JUEZ ADMINISTRATIVA hizo caso omiso a nuestro planteamiento de que la institución financiera HF Mortgage, Inc., era una parte indispensable para dilucidar la querella."*

Está claro que la institución financiera no podía ser ni siquiera una parte en los procedimientos que se llevaron a cabo ante DACO, ya que no formaba parte del contrato, aquí en disputa, firmado entre el vendedor y la compradora. Jamás podría la institución financiera considerarse como una parte indispensable o como parte necesaria, según se describen esos términos. Véase Reglas 16.1 y 16.2, Reglas de Procedimiento Civil, 32 L.P.R. A. Ap. III; *Cepeda Torres v. García Ortiz,* 132 D.P.R. 698, 704 (1993); *Iturriaga v. Fernández,* 78 D.P.R. 31, 38 (1955).

## IV

En el caso de autos, existe un contrato suscrito entre el vendedor y la recurrida que establece, entre sus cláusulas, lo siguiente:

*"Este contrato es por un término de noventa (90) días a partir de la fecha de efectividad [de este] contrato.*

*Ambos, el Vendedor y el Comprador, deben esforzarse al máximo por cooperar y acelerar la transacción. Se sobrentiende por todas las partes envueltas, que podría haber atrasos imprevistos que demoren dicha transacción.*

*Hemos recibido en calidad de depósito, la cantidad de ocho mil dólares ($8,000.00), la cual será acreditada*

*al precio al concluir la compra bajo los términos antes mencionados. Si el Comprador(es) rehusara concluir la compra, en los términos arriba especificados, dicho depósito será confiscado y el 50% de dicho depósito, será pagado a Luis E. Pastor y el otro 50% al Vendedor ....".*

El Artículo 1207 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3372, consagra el principio de la libertad de contratación. De igual forma, la jurisprudencia puertorriqueña ha reiterado que *"si los términos de un contrato son claros y no dejan duda sobre la intención de los contratantes, se estará al sentido literal de sus cláusulas"*. Art. 1233 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3471; *Marcial Burgos v. Tomé*, ___ D. P.R. ___ (10/dic/97), **97 J.T.S. 146,** a las págs. 380-381; *C.N.A. Casualty de P.R. v. Torres Díaz,* ___ D.P.R. ___ (11/jun/96), **96 J.T.S. 85**, a la pág. 1246. Además, en nuestra jurisdicción los contratos tienen fuerza de ley entre las partes. *Nieves Vélez v. Bansander Leasing Corp.*, ___ D.P.R. ___ (2/sept/94), **94 J.T.S. 115**, a la pág. 103.

En relación a la interpretación de los contratos, el Tribunal Supremo de Puerto Rico ha establecido la teoría de indagar cuál fue la voluntad real de las partes al contratar, con el propósito de que ésta prevalezca. *Unisys v. Ramallo Brothers,* 128 D.P.R. 842, 852-853 (1991); *Ramírez, Segal & Látimer v. Rojo Rigual,* 123 D.P.R. 161, 173 (1989). La interpretación de los contratos debe partir de la expresión contenida en sus palabras. El juzgador no puede detenerse en el sentido literal de las mismas. Debe examinar todas las circunstancias indicativas de la voluntad de las partes y debe atender principalmente los actos anteriores, coetáneos y posteriores de los contratantes al momento de otorgar el contrato. Código Civil, Artículo 1234, 31 L.P.R.A. sec. 3472 (1990). Además, es necesario tomar en consideración la ocasión, las circunstancias, las personas y el acuerdo que se intentó llevar a cabo. *Ramírez, Segal v Látimer, supra*, a la pág. 174. *Coop. La Sagrada Familia v. Castillo,* 107 D.P.R 405, 417 (1978).

Así mismo, la Ley Núm. 10 dispone, en su Artículo 10, 20 L.P.R.A. sec. 3054, lo siguiente:

*"Por la presente se proscriben los siguientes actos o prácticas específicas:*

*(a) Se prohibe a toda persona sujeta a las disposiciones de este Capítulo, incurrir o inducir a otra persona a incurrir, en cualquiera de los actos o prácticas que se enumeran a continuación:*

*(11) Retener cualquier depósito, cuando se lleve a cabo la transacción o gestión objeto de dicho depósito sin que haya culpa del comprador".*

Luego de hacer una lectura de todos los documentos que obran en autos, resulta claro que la recurrida nunca rehusó concluir la transacción pactada con el vendedor. Por el contrario, su interés quedó demostrado con el Informe de Denegación de Crédito emitido por la institución financiera a través de la cual la recurrida gestionó el préstamo. Este Tribunal entiende que el informe es indicativo de que la recurrida gestionó el financiamiento que necesitaba, ya que el mismo no pudo haber sido emitido si la recurrida no hubiera concluido con la tramitación del préstamo. El hecho de que la denegación haya sido emitida luego de los noventa (90) días pactados para el vencimiento del contrato, tampoco indica un incumplimiento por parte de la recurrida, ya que el contrato reconoce que puede haber un atraso en las gestiones hechas por los contratantes.

Este Tribunal entiende que la compra del inmueble no se llevó a cabo porque el préstamo solicitado por la recurrida para la compraventa fue denegado. El recurrente no ha demostrado, ni existe prueba alguna, que la recurrida rehusó concluir la transacción pactada por voluntad propia. El recurrente y los vendedores sabían desde el principio que la recurrida necesitaba lograr el préstamo antes de poder comprar la propiedad. Por eso, también sabían o debían saber que la recurrente tenía que cumplir con ciertos requisitos para que la institución financiera la calificara satisfactoriamente, ya que, de lo contrario, hubiese sido imposible para ella poder comprar la

propiedad. Al no calificar, se presentó una condición imposible de cumplir, ajena a su voluntad. Por lo tanto, no existe por parte de la recurrida un incumplimiento de contrato.

## V

Por los fundamentos antes expuestos y en ausencia de prejuicio, pasión y parcialidad por parte de DACO, confirmamos la resolución recurrida.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 99 DTA 209

**1.** El recurrente no firmó el Contrato de Venta de Inmueble, pero está claro que él era corredor de bienes raíces en representación del vendedor.

**2.** El depósito fue dividido en partes iguales entre el recurrente y los vendedores. Ciertamente, el recurrente es solidariamente responsable con los vendedores por el reembolso de los fondos, pero como el recurrente nunca solicitó se enmendara la querella para incluir a los vendedores como parte necesaria, entonces le corresponde al recurrente darle cumplimiento a lo ordenado por DACO. Claro está, el recurrente mantiene vigente su derecho de reclamarle la porción de los fondos que los vendedores recibieron.