ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ESTRELLA HOMES LLC<br><br>Recurrido<br><br>v.<br><br>YAZMIN CARRASQUILLO RIVERA, Et. Als.<br><br>Recurrentes | KLAN202200793 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Civil núm.: CG2021CV00468<br><br>Sobre: Relevo de Sentencia |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de enero de 2023.

Comparece la señora Yazmín Carrasquillo Rivera (Sra. Carrasquillo Rivera o parte peticionaria) y solicita que revisemos y revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, el 22 de agosto de 2022, notificada al día siguiente. En esta, el foro primario declaró *No Ha Lugar* una solicitud de Relevo de Sentencia.

Evaluamos el presente recurso y lo acogemos como un *certiorari,* conservando el alfanumérico otorgado en la Secretaría, por tratarse de la revisión de una determinación interlocutoria, sobrevenida luego de dictada la sentencia.

Luego de examinada la totalidad del expediente y el derecho aplicable, denegamos la expedición del recurso, por los fundamentos que expondremos a continuación.

## I.

El 24 de febrero de 2021, Luna Acquisition LLC, presentó *Demanda* de Cobro de dinero y ejecución de hipoteca contra el

Número Identificador
RES2023_____

señor José Manuel Figueroa Rodríguez, la señora Yazmín Carrasquillo Rivera y la Sociedad Legal de Gananciales compuesta por ambos (demandados). En la demanda adujeron que, por información y creencia, la dirección postal es HC 23 Box 6153, Juncos, Puerto Rico 00777 y su dirección física es Lote 181, Calle 10, Comunidad Placita III, Juncos, Puerto Rico 00777, la cual es la propiedad objeto de esta ejecución.[1]

La parte demandante en el pleito realizó el emplazamiento personalmente el 16 de marzo de 2021 en la aludida dirección física en la Calle 10, lote 181 Comunidad Placita III, Juncos, PR 00777.

El 30 de abril de 2021, notificado el 4 de mayo de 2021, el Tribunal refirió el caso al Centro de Mediación y Conflictos. El 16 de septiembre de 2021 el foro primario emitió otra orden, al Centro de Mediación y Conflictos. Concluido ese trámite, el 27 de enero de 2022 el Centro de Mediación le informó al tribunal que se procedió el cierre del caso de mediación por ausencia de los demandados a tres de las citas.[2]

Así las cosas, el 1ro de febrero de 2022, Luna Acquisition LLC solicitó la anotación de rebeldía y sentencia sumaria. En respuesta, el 11 de febrero de 2022, notificada el 16 de mismo mes y año, el Tribunal de Primera Instancia emitió *Sentencia* mediante la cual anotó la Rebeldía y declaró Ha Lugar la *Demanda*.

Dicha *Sentencia* fue notificada a los demandados a la dirección de récord en HC 23 Box 6153, Juncos, PR 00777[3].

Tras ello, el 23 de marzo de 2022, Luna Acquisition presentó *Moción Solicitando se Emitan Orden y Mandamiento de Ejecución*,

---

[1] Apéndice pág. 1.
[2] Apéndice págs. 94-95
[3] Apéndice pág. 83.

y así lo concedió el tribunal mediante orden dictada el 28 de marzo de 2022.  Se ordenó la venta en pública subasta.

El 9 de mayo de 2022 la parte demandante presentó una *Moción solicitando sustitución de parte* de Luna Acquisition por Estrella Homes quien es aquí la parte recurrida (Estrella Homes o parte recurrida).  Así las cosas, el 16 de junio de 2022 la demandante incoó una *Moción Sometiendo Affidavit de Colocación, Publicación de Edicto y Notificación de Subasta*. Junto a la moción, incluyeron unas cartas del 9 de mayo de 2022 enviadas al señor José M. Figueroa Rodríguez y a Yazmín Carrasquillo Rivera por correo certificado, con acuse de recibo, relacionadas a la subasta pública a efectuarse los días 21 y 28 de junio y 6 de julio de 2022. El acuse de recibo aparece firmado por Yazmín Carrasquillo el 25 de mayo de 2022.[4]

El 28 de junio de 2022 se le adjudicó la buena pro a Estrella Homes.  En esa misma fecha, Estrella Homes presentó una *Solicitud de Orden y Mandamiento de Lanzamiento, más una Moción Solicitando Orden de Cancelación de Gravámenes Posteriores en el Registro de la Propiedad*.  Tras ello, el 30 de junio de 2022 el foro primario emitió la *Orden* para la cancelación de gravámenes en el Registro de la Propiedad.

Entretanto, el 17 de agosto de 2022 la codemandada Yazmín Carrasquillo Rivera presentó una *Moción Asumiendo Representación Legal y Solicitando Relevo de Sentencia*.  En ella alegó que la *Sentencia* no fue publicada mediante edicto como lo requiere la Regla 65.3 de Procedimiento Civil, 32 LPRA Ap. V. Por tanto, arguyó que se había violentado su Debido Proceso de Ley. Sostuvo, a su vez, que la parte demandante se comportó de manera impropia al llevar a cabo negociaciones e indicarle a la

---

[4] Apéndice págs. 84-86.

demandada que, si llegaban a un acuerdo, estos desistirían del pleito, cuando a su vez, le solicitaban al Tribunal que continuara el proceso, obviando lo antes dicho. Por ello, entienden que la sentencia se obtuvo de manera fraudulenta y no era ejecutable por lo que debía dejarse sin efecto. Agregó que el banco no le notificó los documentos que presentó en el pleito, solamente el edicto de venta en subasta público que le fue notificado por correo certificado.

El 19 de agosto de 2022 Estrella Homes presentó su oposición. Alegó que a los demandados se les emplazó personalmente, que fueron notificados de la sentencia a su última dirección conocida y la codemandada recibió la carta en la que se le notificaba de la subasta. Igualmente, se le notificaron las alternativas de la Unidad de *Loss Mitigation* y el caso se refirió a mediación, pero se ausentaron. En fin, adujeron que se le habían concedido múltiples instancias para que la parte demandada fuera escuchada, y que se cumplió con el Debido Proceso de Ley. Así mismo, sostuvo que la Regla 65.3 de Procedimiento Civil, 32 LPRA Ap. V, no requiere notificar la sentencia por edicto cuando la parte demandada es emplazada personalmente.

El foro primario declaró *No Ha Lugar* la solicitud, mediante *Resolución* dictada el 22 de agosto de 2022, notificada al día siguiente.

En desacuerdo con la *Resolución* emitida por el Tribunal de Primer Instancia la señora Carrasquillo Rivera acude ante este Tribunal y alega el siguiente error:

> Erró el Tribunal Superior al declarar No Ha Lugar una Solicitud de Relevo de Sentencia, o al menos, celebrar una vista evidenciaría cuando se solicitó conforme a derecho y se desprende que el banco actuó de mala fe y fraudulentamente en la tramitación del presente caso y parte demandada fue inducida a error por el demandante y surge evidencia que sustenta dicha alegación, en consecuencia, la parte demandada, fue

privada de su derecho a ser oída y de una vista evidenciaría en violación al Debido Proceso de Ley así como privada de su propiedad en contravención a las leyes y jurisprudencia vigente.

Se le concedió término a la parte recurrida para la presentación de su oposición y esta, sin someterse a la jurisdicción del Tribunal de Apelaciones, presentó *Moción de Desestimación por Falta de Jurisdicción*. El 21 de diciembre de 2022 denegamos la moción de desestimación y le ordenamos a la recurrida a presentar su alegato.  Así lo hizo, por lo que el recurso quedó perfeccionado.

**II.**

**A.**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391 (2021); 800 Ponce de León v. AIG, 205 DPR 163 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307 (2012); Pueblo v. Díaz de León, 176 DPR 913, 917 (2009); García v. Padró, 165 DPR 324, 334 (2005).  La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*.  Dicha discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". 800 Ponce de León v. AIG, *supra,* Citibank et al. v. ACBI et al., 200 DPR 724 (2018); Medina Nazario v. McNeil Healthcare LLc, 194 DPR 723, 729 (2016); IG Builders v. BBVAPR, *supra*, pág. 338.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los

méritos de los asuntos que son planteados mediante el recurso *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros de instancia ostentan un alto grado de discreción en el manejo procesal de un caso. Meléndez Vega v. Caribbean Intl. News, 151 DPR 649, 664 (2000). Como es sabido, en nuestro ordenamiento jurídico impera la norma de que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción. García v. Asociación, 165 DPR 311 (2005); Meléndez Vega v. Caribbean Intl. News, supra, pág. 664; Lluch v. España Service Sta., 117 DPR 729 (1986); Valencia Ex Parte, 116 DPR

909 (1986).    El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414 (2013); Rivera Durán v. Banco Popular, 152 DPR 140, 155 (2000).   Por ende, si no se encuentra presente en la petición ante nuestra consideración ninguno de los criterios antes transcritos y la actuación del foro primario "no está desprovista de base razonable ni perjudica derechos sustanciales de una parte, lo lógico es que prevalezca el criterio del juez de instancia a quien corresponde la dirección del proceso". Sierra v. Tribunal Superior, 81 DPR 554, 572 (1959).  De manera que, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. Rivera Durán v. Banco Popular de Puerto Rico, *supra*, pág. 154.

**B**.

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, le permite al foro primario relevar a una parte de una sentencia cuando esté presente alguno de los fundamentos enumerados en referida regla. SLG Rivera-Pérez v. SLG Díaz-Doe, 207 DPR 636, 656-57 (2021); R. Hernández Colón, Práctica jurídica de Puerto Rico: Derecho Procesal Civil, 6ta ed., San Juan, LexisNexis, 2017, pág. 452.

Lo anterior, procederá cuando ocurra alguna de las siguientes circunstancias excepcionales:

(a) error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido

descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. (Énfasis suplido). *Íd;* HRS Erase v. CMT, 205 DPR 689 (2020).

Agrega la Regla 49.2, *supra*, que "[l]a moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos."

Se ha resuelto que la Regla 49.2, *supra*, debe "interpretarse liberalmente y cualquier duda debe resolverse a favor del que solicita que se deje sin efecto una anotación de rebeldía o una sentencia". HRS Erase v. CMT, *supra*; Díaz v. Tribunal Superior, 93 DPR 79, 87 (1966). A pesar de que la Regla 49.2 de Procedimiento Civil, *supra*, se interpreta liberalmente, el Tribunal Supremo ha advertido que esta no constituye una "llave maestra" para reabrir controversias y no debe ser utilizada en sustitución de un recurso de revisión o una moción de reconsideración. García Colón v. Sucn. González, 178 DPR 527, 541 (2010). Esto es, la moción de relevo de sentencia no está disponible para corregir errores de derecho, ni errores de apreciación o valoración de la prueba. Estos son fundamentos para la reconsideración o la

apelación del dictamen, pero no para el relevo. García Colón et al. v. Sucn. González, *supra*, págs. 542-543.

Aun cuando se demuestre la existencia de uno de los fundamentos expuestos en la Regla 49.2 de Procedimiento Civil, es una decisión discrecional del tribunal relevar a una parte de los efectos de una sentencia, salvo que en los casos de nulidad o cuando la sentencia haya sido satisfecha. García Colón v. Sucn. González, *supra,* pág. 540.

Una sentencia se considera nula cuando se ha dictado sin jurisdicción o en violación del debido proceso de ley. SLG Rivera-Pérez v. SLG Díaz-Doe, *supra,* pág. 657; HRS Erase v. CMT, *supra*; García Colón v. Sucn. González, *supra*; E.L.A v. Tribunal Superior, 86 DPR 692, 697-698 (1962). La nulidad de una sentencia por una violación al debido proceso de ley puede materializarse de distintas maneras. HRS Erase v. CMT, *supra*, pág. 699. Una de estas expresiones del quebrantamiento del debido proceso de ley aplica cuando se le priva a una parte de la notificación o de la oportunidad de ser oída. López García v. López García, *supra*, págs. 61, 63; J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Pubs. JTS 2011, T. II, pág. 1415. Ahora bien, "Esta regla no provee a las partes licencia para dormirse sobre sus derechos." *Íd.*

## C.

El emplazamiento es un mecanismo procesal que tiene el propósito de notificar al demandado sobre la existencia de una reclamación incoada en su contra y, a su vez, es a través de este mecanismo que el tribunal adquiere jurisdicción sobre la persona del demandado. Pérez Quiles v. Santiago Cintrón, 206 DPR 379 (2021). De esta forma, el emplazamiento "representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la

jurisdicción judicial". *Íd*.    Así, pues una vez emplazado, el demandado podrá comparecer al juicio, ejercer su derecho a ser oído y presentar prueba a su favor. *Íd*.

Una vez, la parte ha sido emplazada, la Regla 65.3 de Procedimiento Civil, 32 LPRA Ap. V, rige el procedimiento de notificación de órdenes, resoluciones y sentencias, a saber:

> (a) Inmediatamente después de archivarse en autos copia de la notificación del registro y archivo de una orden, resolución o sentencia, el Secretario o la Secretaria notificará tal archivo en la misma fecha a todas las partes que hayan comparecido en el pleito en la forma preceptuada en la Regla 67. El depósito de la notificación en el correo será aviso suficiente a todos los fines para los cuales estas reglas requieran una notificación del archivo en autos de una orden, resolución o sentencia.
>
> (b) El Secretario o la Secretaria notificará a la última dirección que se haya consignado en el expediente por la parte que se autorrepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9, toda orden, resolución o sentencia que de acuerdo con sus términos deba notificarse a las partes que hayan comparecido en el pleito.
>
> (c) En el caso de partes en rebeldía que hayan comparecido en autos, el Secretario o Secretaria le notificará toda orden, resolución o sentencia a la última dirección que se haya consignado en el expediente por la parte que se autorepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9. En el caso de partes en rebeldía que hayan sido emplazadas, por edictos y que nunca hayan comparecido en autos o de partes demandadas desconocidas, el Secretario o Secretaria expedirá un aviso de notificación de sentencia por edictos para su publicación por la parte demandante. […]

Cuando la parte fue emplazada personalmente y no comparece, el Tribunal Supremo de Puerto Rico, en <u>Yumac Home Furniture, Inc. v. Empresas Massó</u>, 194 DPR 96, 114 (2015), delineó el procedimiento a seguir para la notificación de la sentencia, en armonía a la Regla 65.3 de Procedimiento Civil.  En ese escenario, el Foro Supremo determinó que "una vez se emplaza personalmente a una parte, conforme establecen los

parámetros de la Regla 4 de Procedimiento Civil para este tipo de emplazamiento, la sentencia que en su momento se dicte deberá ser notificada a la última dirección conocida de la parte, aunque se encuentre en rebeldía porque nunca haya comparecido."

A la luz de la antes mencionada normativa, evaluamos.

## III.

La parte recurrente alega que luego de ser emplazada contactó al Banco y comenzó negociaciones con estos, y el Banco no informó al Tribunal ese trámite. Sostiene que, mientras ello ocurría, el Banco continuó con su solicitud de sentencia sumaria, contrario a la buena fe que debe permear en los procesos de mediación. Adujo que el Banco le brindó esperanzas falsas sobre un desistimiento si llegaban a un acuerdo, todo lo cual amerita una vista evidenciaria para determinar si procedía o no el relevo de sentencia. Mencionó que tenía evidencia de haber solicitado ayudas para el pago de la casa y haber sometido la información al Banco. Agregó que el Banco no le notificaba las mociones que presentaba al Tribunal, según lo requiere las Reglas de Procedimiento Civil. Por todo lo cual entiende que procedía el relevo de la sentencia.

El recurrido, por su parte, alega que la parte demandada fue emplazada personalmente y no compareció. Agregó que la parte participó en una reunión del Centro de Mediación de Conflictos y el caso fue cerrado por la posterior ausencia de la parte peticionaria. A su vez, indica que el 16 de febrero de 2022 el foro primario les notificó la sentencia a los demandados a su última dirección conocida, aunque la parte se encuentre en rebeldía por incomparecencia, a tenor con la determinación del Tribunal Supremo en Yumac Home Furniture, Inc. v. Empresas Massó, *supra*. Arguye también que el 25 de mayo de 2022 la peticionaria

recibió la carta en la que se le notificaba la celebración de la subasta y se cruzó de brazos. Señala que la moción de relevo de sentencia se presentó de forma tardía el 17 de agosto de 2022, a 182 días después de notificada la sentencia.

Luego de examinar el expediente ante nuestra consideración, así como el expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial, notamos, de entrada, que la peticionaria presentó la moción de relevo de sentencia luego del período de los seis meses que estatuye la Regla 49.2, *supra*. Por tanto, el foro primario no podía acogerla, salvo en casos de nulidad de la sentencia.

Justipreciamos a su vez, que la parte peticionaria no cumplió con el requisito de nulidad de la sentencia. Veamos. Surge del expediente que la peticionaria fue emplazada personalmente y tuvo la oportunidad de participar de los procesos de mediación. Tras resultar ineficaz ese trámite, el caso continuó su curso hasta que el foro primario dictó sentencia en rebeldía. Esta determinación fue notificada a la parte demandada-peticionaria a su última dirección. Posterior a ello, el recurrido les notificó a los demandados una carta relacionada a la subasta de la propiedad, hecho que no está en disputa, pues la peticionaria asintió que recibió la comunicación.

Por tanto, razonablemente podemos concluir que la peticionaria no estuvo ajena de los procesos incoados en su contra y pudo comparecer a defenderse, pues fue debidamente informada. De esta manera, se le salvaguardó su debido proceso de ley y tuvo la oportunidad participar del proceso judicial, independientemente de los trámites que esta alega que seguía con el Banco. Lo anterior, nos lleva a concluir que la parte

promovente no satisfizo los requisitos estatutarios y jurisprudenciales para el relevo de sentencia. Por tanto, no nos encontramos ante una situación excepcional de nulidad de sentencia o de violación al debido proceso de ley que amerite conceder el relevo solicitado. Ante ello, el foro primario no incidió en su facultad discrecional de denegar la solicitud post sentencia.

Igualmente, nada en el expediente nos sugiere que, en el ejercicio de sus facultades discrecionales de denegar la *Moción de relevo de sentencia*, el foro recurrido haya incurrido en error o en abuso de la discreción que le asiste, que justifique soslayar la norma de abstención judicial que regula nuestras funciones. Como no vemos cumplido ninguno de los criterios de la Regla 40 de nuestro Reglamento que amerite nuestra intervención con la decisión del TPI, procede denegar el recurso.

## IV.

Por las razones antes expuestas, denegamos la expedición del presente recurso.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones