ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| CARLOS RIVERA RUIZ<br><br>Apelante<br><br>v.<br><br>CARMELO RAMÍREZ VEGA, su esposa Fulana de Tal y la Sociedad de Bienes Gananciales compuesta por ambos<br><br>Apelados | KLAN202500274 | Apelación procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Caso Núm.:<br>I1CI200500845<br><br>Sobre:<br>Cobro de Dinero |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de mayo de 2025.

Comparece ante nos Carlos Rivera Ruiz (en adelante, Rivera Ruiz o peticionario) y solicita que revisemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, el 10 de febrero de 2025, notificada el 24 de febrero de 2025. En esta, en virtud de una acción de relevo de sentencia, el Foro Primario dejó sin efecto la *Sentencia* dictada el 31 de agosto de 2007, en cuanto a los efectos de la misma sobre la codemandada Pastora Figueroa González (en adelante, Figueroa González o recurrida).

A pesar de que se instó un recurso de apelación, lo acogemos como un *certiorari*, toda vez que se recurre de una *Resolución* en la etapa postsentencia. Ante ello conservaremos el alfanumérico asignado en Secretaría de este Tribunal de Apelaciones para propósitos administrativos.

Luego de examinada la totalidad del expediente y el derecho aplicable, denegamos la expedición del recurso.

**I.**

El 23 de agosto de 2005 Rivera Ruiz radicó una demanda en cobro de dinero e incumplimiento de contrato contra Carmelo Ramírez Vega, su esposa Fulana de Tal, y la Sociedad Legal de Bienes Gananciales compuesta por ambos.[1] Las partes fueron emplazadas conforme a derecho el 23 de agosto de 2005, incluyendo a Pastora Figueroa González como esposa del codemandado.[2] Así también, la demanda fue contestada por los codemandados el 23 de septiembre de 2005.[3]

Así las cosas, el 21 de septiembre de 2007, el Tribunal de Primera Instancia notificó la *Sentencia*, declarando *Ha Lugar* la demanda.[4] Mediante esta, ordenó, en contra de los codemandados, el pago de diez mil dólares ($10,000.00) en concepto de daños, mil dólares ($1,000.00) por temeridad, los intereses legales acumulados desde la firma de la sentencia, al igual que las costas y gastos del litigio. Esta determinación fue confirmada por el Tribunal de Apelaciones en el caso núm. KLAN200701588.

Surge de la *Resolución* ante nos que, el 29 de julio de 2011, el peticionario presentó una *Segunda Moción enmendada sobre embargo de inmueble en aseguramiento de sentencia*.[5] En su escrito, alegó que identificó tres bienes inmuebles embargables que le pertenecían a los codemandados, anejando con la moción la descripción registral de estos. Por lo cual, el 8 de noviembre de 2011, el Foro Primario, emitió una *Orden y Mandamiento* al

---

[1] Apéndice, págs. 75-76.
[2] Apéndice, págs. 109-112.
[3] Apéndice, págs. 113-115.
[4] Apéndice, págs. 10-16.
[5] Apéndice, pág. 1.

Registrador de la Propiedad para que se anotara el embargo de los inmuebles.[6]

Posteriormente, el 25 de junio de 2013, el peticionario presentó una *Moción solicitando venta de propiedades en pública subasta.*[7] En su escrito, Rivera Ruiz reiteró que no había podido cobrar la totalidad de la sentencia, por lo que, le solicitó al Tribunal de Instancia que ordenara la venta en pública subasta de los inmuebles identificados. Así, el 8 de octubre de 2013, el Tribunal de Instancia ordenó la venta en pública subasta de estos.[8]

Varios años después, el 17 de enero de 2017, se celebró la subasta, en la cual se le adjudicaron las propiedades en cuestión a Rivera Ruiz. A esos efectos, el Tribunal de Instancia emitió la *Orden de Confirmación de Adjudicación o Venta Judicial* para la inscripción del inmueble en el Registro de la Propiedad.[9]

Posteriormente, el 3 de marzo de 2017, la recurrida presentó una *Moción informativa urgente en solicitud de orden y otros efectos.*[10] Mediante esta, entre otras cosas, Figueroa González alegó que nunca estuvo casada con Ramírez Vega, por lo que, la Sociedad Legal de Bienes Gananciales no existió. Por esta razón, adujo que ni ella ni la Sociedad Legal de Bienes Gananciales fueron emplazadas. Igualmente, señaló que las propiedades embargadas eran sus bienes privativos. Por lo cual, le solicitó al Foro Primario, entre otras cosas, que confirmara que la Sociedad Legal de Bienes Gananciales, por nunca haber existido, no formó parte del pleito.

---

[6] Apéndice, pág. 2.
[7] Apéndice, pág. 2.
[8] Apéndice, pág. 2.
[9] Apéndice, pág. 182.
[10] Apéndice, pág. 3.

En respuesta, el 16 de marzo de 2017, el peticionario presentó una *Moción enmendada sobre embargo de inmueble en aseguramiento de sentencia*.[11]  En esta, alegó que durante el pleito nunca se cuestionó el matrimonio entre los codemandados ni la existencia de la Sociedad Legal de Bienes Gananciales compuesta por ambos. Del mismo modo, tampoco se impugnó esta controversia al apelar la referida sentencia.  Además, señaló que las partes fueron debidamente notificadas de la subasta mediante correo certificado.

Luego de varios incidentes procesales,[12] el 17 de marzo de 2023, el Tribunal de Primera Instancia emitió una *Resolución y Orden*, mediante la cual paralizó el lanzamiento, y le ordenó a la recurrida presentar un estudio de título o certificación registral en cuanto a las propiedades objeto de embargo.[13] Así también, decretó una *Orden* exigiéndole a la encargada del Registro Demográfico que certificara si existía un certificado de matrimonio entre Ramírez Vega y la recurrida.[14]

Según indica la *Resolución* que aquí se revisa, el 15 de mayo de 2023, se sometió ante el Foro Primario una copia de una certificación oficial del Registro Demográfico que certificó no haberse encontrado un registro de Acta de matrimonio entre Ramírez Vega y la recurrida.[15] Posteriormente, el 5 de septiembre de 2023, la recurrida presentó una *Moción en Solicitud de Relevo de Sentencia y Orden de Retiro de Asiento Registral*.[16] En síntesis,

---

[11] Apéndice, pág. 3.
[12] Surge del recurso ante nos que la apelada presentó tres (3) interdictos en contra del peticionario: MZ2019CV01626, el cual fue desestimado por inactividad; MZ2022CV01453 y MZ2023CV00174, los cuales fueron desestimados por determinar que el remedio adecuado era bajo la Regla 49 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2.
[13] Apéndice, pág. 78.
[14] Apéndice, pág. 79.
[15] Apéndice, pág. 4.
[16] Apéndice, págs. 17-24.

Figueroa González, reiteró sus argumentos con respecto a que el matrimonio con Ramírez Vega nunca existió y que los inmuebles embargados eran bienes privativos. Por esta razón, planteó que la sentencia con respecto a ella y la Sociedad Legal de Bienes Gananciales era inexistente, nula e ineficaz. Así, le solicitó al Tribunal de Instancia que ordenara el relevo de la sentencia en su contra, y que dictaminara que la Sociedad Legal de Bienes Gananciales entre ella y Ramírez Vega nunca existió, relevándola de la Sentencia. Además, le peticionó al Tribunal que cancelara la anotación de gravamen sobre las propiedades privativas de la recurrida, y que declarara nula toda escritura de venta judicial que se hubiese emitido de estos bienes.

Más adelante, el 20 de septiembre de 2024, la recurrida presentó una *Moción en solicitud de que se resuelva la moción de relevo de sentencia y orden de retiro de asiento registral.*[17] En esta, Figueroa González indicó haber entregado los documentos que evidenciaban que el matrimonio con Ramírez Vega no existía y de que ella era la única titular de los bienes inmuebles embargados por el peticionario. El mismo día, el peticionario se opuso, reiterando sus argumentos previos en cuanto a que no se justificaba el relevo de la sentencia hacia la recurrida.

Así las cosas, el 10 de febrero de 2025, el Tribunal de Primera Instancia emitió la *Resolución* que revisamos.[18] Mediante esta, el Foro Primario reconoció que Figueroa González presentó certificaciones registrales, con fecha del 11 de agosto de 2023, que demostraban que era la única titular de los bienes inmuebles embargados, al igual que una certificación del Registro Demográfico, con fecha del 15 de mayo de 2023, que indicaba

---

[17] Apéndice, pág. 5.
[18] Apéndice, págs. 1-9.

que el matrimonio con Ramírez Vega nunca existió. Por lo cual, concluyó que tampoco existió la Sociedad Legal de Bienes Gananciales entre estos. De este modo, el Tribunal de Instancia declaró *Ha Lugar* el relevo de sentencia solicitado por la recurrida y resolvió lo siguiente:

> Por tanto, al amparo de la Regla 49.2 de las Reglas de Procedimiento Civil de 2009, vigentes, el Tribunal emite esta **Resolución**, decretando el relevo de la Sentencia dictada en este caso en cuanto a los efectos de la misma sobre la señora Pastora Figueroa González; además, declarando nulos los trámites post sentencia celebrados en el caso y dirigidos en contra de las propiedades inmuebles inscritas en el Registro de la Propiedad, a saber: finca número 34187, finca número 25078 y finca número 25077 de la demarcación de Mayagüez, todas cuyas propiedades según qued[ó] probado, pertenecen de manera exclusiva a la Sra. Pastora Figueroa González.
>
> Por otra parte, mediante esta Resolución se releva la sentencia y sus efectos en cuanto a la parte identificada como Sociedad Legal de Gananciales, por haber quedado demostrado que no existe, ni existió en momento alguno durante la tramitación de este caso, sociedad legal de gananciales alguna entre la Sra. Pastora Figueroa González y el demandado Carmelo Ramírez Vega. […] [19]

Inconforme, el 26 de marzo de 2025, Rivera Ruiz acudió ante este Foro Apelativo y señala la comisión de los siguientes errores:

> **PRIMERO:** ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL CONCEDER UN RELEVO DE SENTENCIA A LA CODEMANDADA PASTORA FIGUEROA GONZÁLEZ, AL AMPARO DE LA REGLA 49.2 DE PROCEDIMIENTO CIVIL DE PUERTO RICO LUEGO DE SOBRE 17 AÑOS DE HABERSE DICTADO SENTENCIA, LA CUAL HOY DÍA ES FINAL Y FIRME, LUEGO DE HABERSE APELADO AL TRIBUNAL DE APELACIONES Y AL TRIBUNAL SUPREMO DE PUERTO RICO, HABER RADICADO DOS MOCIONES DE RELEVO DE SENTENCIA AL AMPARO DE LA <u>REGLA 49.2 DE LAS DE PROCEDIMIENTO CIVIL</u> PREVIAMENTE, Y HABERSE RADICADO TRES PLEITOS DE "INJUNCTIONS" DESESTIMADOS EN SU CONTRA, CUANDO NO HA HABIDO UNA SENTENCIA NULA O FRAUDULENTA DICTADA.
>
> **SEGUNDO:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA EN PERMITIR A LA CODEMANDADA PASTORA FIGUEROA GONZÁLEZ RELITIGAR UN CASO EN EL CUAL SE DICTÓ SENTENCIA FIRME, FINAL E INAPELABLE, LA CUAL FUE DEBIDAMENTE APELADA ANTE

---

[19] Apéndice, págs. 8-9.

EL TRIBUNAL DE APELACIONES Y TRIBUNAL SUPREMO DE PUERTO RICO, EN SU TIEMPO PROCESAL REGLAMENTARIO, DOS PREVIAS MOCIONES DE RELEVO DE SENTENCIA AL AMPARO DE LA REGLA 49.2 DE PROCEDIMIENTO CIVIL CON LOS MISMOS ARGUMENTOS QUE AQUELLA RADICADA SEPTIEMBRE 5 DEL 2023, SIENDO AMBAS MOCIONES PREVIAS DENEGADAS; EN ADICIÓN A TRES DEMANDAS DE ENTREDICHO PROVISIONAL Y PERMANENTE DESESTIMADAS IGUALMENTE, SIENDO DICHA SENTENCIA SUJETA A LA DOCTRINA DE COSA JUZGADA.

Se le concedió un término a la recurrida para presentar su oposición al recurso. Esta no compareció, por lo que, damos por perfeccionado el recurso y nos expresamos.

## II.

### A.

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, es el mecanismo procesal que le permite al foro primario relevar a una parte de una sentencia cuando esté presente alguno de los fundamentos enumerados en referida regla. Oriental Bank v. Pagán Acosta y otros, 2024 TSPR 133, 215 DPR __ (2024); Pérez Ríos et al v. CPE, 213 DPR 203, 214 (2023); SLG Rivera-Pérez v. SLG Díaz-Doe, 207 DPR 636, 656-657 (2021); R. Hernández Colón, Práctica jurídica de Puerto Rico: Derecho Procesal Civil, 6ta ed., San Juan, LexisNexis, 2017, pág. 452.

Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:

(a) error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

32 LPRA Ap. V, R. 49.2*;* HRS Erase v. CMT, 205 DPR 689, 697 (2020).

Agrega la Regla 49.2, *supr*a, que "[l]a moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos." Oriental Bank v. Pagán Acosta y otros, supra.

Se ha resuelto que la Regla 49.2, *supra*, debe "interpretarse liberalmente y cualquier duda debe resolverse a favor del que solicita que se deje sin efecto una anotación de rebeldía o una sentencia". HRS Erase v. CMT, *supra,* pág. 698; Díaz v. Tribunal Superior, 93 DPR 79, 87 (1966). A pesar de que la Regla 49.2 de Procedimiento Civil, *supra*, se interpreta liberalmente, el Tribunal Supremo ha advertido que esta no constituye una "llave maestra" para reabrir controversias y no debe ser utilizada en sustitución de un recurso de revisión o una moción de reconsideración. Oriental Bank v. Pagán Acosta y otros, supra; García Colón *et al.* v. Sucn. González, 178 DPR 527, 541 (2010). Esto es, la moción de relevo de sentencia no está disponible para corregir errores de derecho, ni errores de apreciación o valoración de la prueba. Estos son fundamentos para la reconsideración o la apelación del

dictamen, pero no para el relevo. García Colón *et al.* v. Sucn. González, *supra*, págs. 542-543.

Aun cuando se demuestre la existencia de uno de los fundamentos expuestos en la Regla 49.2 de Procedimiento Civil, es una decisión discrecional del tribunal relevar a una parte de los efectos de una sentencia, salvo que en los casos de nulidad o cuando la sentencia haya sido satisfecha. Oriental Bank v. Pagán Acosta y otros, *supra*; García Colón *et al.* v. Sucn. González, *supra,* pág. 540. Por ende, el Tribunal tiene la autoridad de dejar sin efecto una sentencia cuando esta resulta nula o inexistente. Rivera v. Jaume, 157 DPR 562, 574 (2002).

Atinente a lo que nos ocupa, una sentencia se considera nula cuando se ha dictado sin jurisdicción o en violación del debido proceso de ley. Oriental Bank v. Pagán Acosta y otros, supra; SLG Rivera-Pérez v. SLG Díaz-Doe *et al.*, *supra,* pág. 657; HRS Erase v. CMT, *supra*, pág. 699; García Colón *et al.* v. Sucn. González, *supra,* pág.543; E.L.A v. Tribunal Superior, 86 DPR 692, 697-698 (1962). En este caso, la parte afectada puede solicitar el relevo de sentencia, independientemente del plazo de seis (6) meses establecido por la referida regla. Bco. Santander P.R. v. Fajardo Farms Corp., 141 DPR 237, 244 (1996). Bajo este fundamento, no hay margen de discreción para el relevo; "si una sentencia es nula, tiene que dejarse sin efecto independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado". García Colón *et al.* v. Sucn. González, *supra,* págs. 543-544. Cónsono con lo normativa enunciada, el Tribunal Supremo ha expresado lo siguiente:

> Es inescapable la conclusión, en consecuencia, que, ante la certeza de nulidad de una sentencia, resulta *mandatorio* declarar su inexistencia jurídica; ello independientemente del hecho de que la solicitud

a tales efectos se haga con posterioridad a haber expirado el plazo de seis (6) meses, establecido en la antes citada Regla 49.2 de Procedimiento Civil.

Montañez v. Policía de Puerto Rico, 150 DPR 917, 922 (2000).

**B.**

El trámite adecuado para atender asuntos post sentencia es el recurso de *certiorari*. IG Builders et al. v. BBVAPR, 185 DPR 307, 339 (2012), *véase*, además, Negrón v. Srio. de Justicia, 154 DPR 79, 90 (2001). El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. Torres González v. Zaragoza Meléndez, 211 DPR 821, 847 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012).

Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del foro apelativo. Torres González v. Zaragoza Meléndez, *supra*; Medina Nazario v. McNeill Healthcare LLC, 194 DPR 723, 729 (2016). Así, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*. En el ámbito judicial, la discreción del tribunal revisor no debe abstraerse del resto del Derecho y, por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. Mun. Caguas v. JRO Construction, 201 DPR 703, 712 (2019); IG Builders et al. v. BBVAPR, *supra*, pág. 338.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los

méritos de los asuntos que son planteados mediante el recurso *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
>
> BPPR v. SLG Gómez-López, 213 DPR 314, 337 (2023).

Es norma conocida en nuestra función revisora, que el ejercicio de las facultades del Tribunal de Primera Instancia merece nuestra deferencia, por lo que sólo intervendremos cuando exista claro abuso de discreción, prejuicio o cuando se haya equivocado en la interpretación del derecho aplicable. El Tribunal de Primera Instancia se encuentra en mejor posición para evaluar y adjudicar la prueba presentada. Dávila Nieves v. Meléndez Marín, 187 DPR 750, 771-772 (2013).

Se incurre en abuso de discreción cuando el juez: 1) no toma en cuenta un hecho material que no podía ser pasado por alto; 2) le concede gran peso a un hecho irrelevante y basa su decisión exclusivamente en el mismo; o 3) considera todos los hechos materiales y descarta los irrelevantes, pero los sopesa livianamente. Ramírez v. Policía de P.R., 158 DPR 320, 340-341 (2002). En ausencia de abuso de discreción, prejuicio o parcialidad, la prudencia judicial ordena que el foro apelativo brinde completa deferencia al juzgador del foro primario.

A la luz de la antes mencionada normativa, evaluamos.

### III.

En síntesis, el peticionario alega que el Tribunal de Primera Instancia erró al decretar el relevo de la sentencia, a favor de la recurrida y de la Sociedad Legal de Bienes Gananciales, luego de esta haber advenido final y firme.

Conforme a la normativa esbozada, una sentencia es nula cuando se dicta sin jurisdicción sobre las partes o en violación al debido proceso de ley. En cualquiera de estos escenarios, el Tribunal de Instancia tiene la obligación de decretar este relevo, independiente del tiempo transcurrido desde que se dictó la sentencia en controversia.

En el caso ante nos, surge de la *Resolución* recurrida que el Tribunal de Primera Instancia tuvo ante sí una certificación registral que evidenciaba que Figueroa González era la única dueña de las propiedades embargadas. También surge que se presentó una certificación del Registro Demográfico que reflejó la inexistencia del matrimonio entre la apelada y el codemandado Ramírez Vega. Por lo cual, el Foro Primario relevó de los efectos de la sentencia a ambas.

De este modo, se demostró ante el Foro Primario que la sentencia era nula con respecto a la apelada y la Sociedad Legal de Bienes Gananciales.

Así, luego de evaluado el recurso que obra ante nos y el derecho aplicable, en ausencia de abuso de discreción, perjuicio o error inexplicable, declinamos intervenir con la *Resolución* recurrida.

## IV.

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
