ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| LEIDA IRIZARRY GARCÍA T/C/C LEIDA HERNÁNDEZ, su esposo JUAN HERNÁNDEZ RESTO, ÁNGEL LUIS GONZÁLEZ MERCADO, JORGE CINTRÓN RODRÍGUEZ<br><br>Demandante-Apelada<br><br>v.<br><br>ROBERTO MOJICA PAZ, su esposa FULANA DE TAL y la SOCIEDAD LEGAL DE GANANCIALES POR AMBOS COMPUESTA<br><br>Demandado-Apelado<br><br>RM COMMUNICATION INC.<br><br>Apelante-Compareciente Especial | TA2026AP00335 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: MZ2024CV00345<br><br>Sobre: Injunction Preliminar y Permanente; Ley 161, 2009 y Violación Condiciones Restrictivas de Uso y Edificación |

Panel integrado por su presidenta la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de abril de 2026.

RM Communication Inc., solicita la revisión de la *Resolución y Orden* que emitió el Tribunal de Primera Instancia, Sala de Mayagüez (TPI) el 6 de marzo del 2026. En esta, el foro primario declaró *No Ha Lugar* la *Moción en Cumplimiento de Orden* que presentó el demandado, señor Roberto Mojica Paz el 21 de enero de 2026. A su vez, el TPI le concedió al señor Mojica Paz hasta el 6 de abril de 2026 para culminar la demolición ordenada mediante

Sentencia dictada el 11 de octubre de 2024, más impuso sanciones económicas. Este caso se atiende como Certiorari, aunque se presentó como Apelación, pero se mantiene el mismo alfanumérico. Nos notifica la parte denominada apelada que se desestime por academicidad, pues el señor Roberto Mojica Paz ha cumplido con la Sentencia y ha demolido la estructura en controversia. La parte peticionaria en este recurso es RM Communication Inc. y, por lo tanto, dicha peticionaria es la única que podría retirar este recurso y como no lo ha hecho, procedemos a resolver.

Sometido el asunto, disponemos denegar el auto de *certiorari* solicitado.

## I.

El 28 de febrero de 2024, Leida Irizarry García t/c/c/ Leyda Hernández, su esposo Juan Hernández Resto, Ángel Luis González Mercado y Jorge Cintrón Rodríguez como dueños, titulares y residentes de la Urbanización "Ocean View at Parguera", interpusieron una demanda de *injunction* preliminar y permanente contra Roberto Mojica Paz. Alegaron que el demandado llevó a cabo actividades de construcción en violación a las condiciones restrictivas de construcción que rigen sobre la propiedad. Solicitaron la paralización de obras y la demolición por los usos no autorizados. Fundamentaron su reclamación en el Artículo 14.1 de la Ley 161 de 1 de diciembre de 2009, sobre Recursos Extraordinarios para Solicitar Revocación de Permisos, Paralización de Obras o Usos No Autorizados, Demolición de Obras. (23 LPRA sec. 9024).

El 6 de marzo de 2024 la parte demandante presentó una *Moción en Cumplimiento de Orden*[1]. Expuso que el demandado Roberto Mojica Paz fue emplazado el 6 de marzo de 2024 a las 7:00 am en la Calle 2 B-32 de la Urbanización Ocean View, Parguera, Lajas, Puerto Rico.  Así mismo, al siguiente día, el demandante incoó una *Moción Acompañando Documentos*[2] sobre la propiedad inscrita a nombre de Roberto Mojica Paz.

El 12 de marzo de 2024 se celebró una vista sobre el *injunction*. Todas las partes estuvieron representadas por abogados. La abogada de la parte demandada solicitó un término para conseguir el permiso para acreditar la legalidad de la construcción. Ante ello, el Tribunal ordenó el cese de cualquier construcción que se esté realizando, hasta tanto se acredite el permiso de construcción.

El 10 de mayo de 2024 se celebró otra vista a la que comparecieron las partes y sus abogados.  Ese mismo día, el Tribunal de Primera Instancia dictó una Sentencia con lo siguiente:

> […] tratándose de una obra de construcción iniciada sin los correspondientes permisos y que, está en proceso de legalización, el Tribunal ORDENA LA PARALIZACIÓN DE LA OBRA DE CONSTRUCCIÓN y ordena la paralización de los procedimientos de este caso hasta tanto la determinación administrativa y/o judicial, según sea el caso, advenga, final, firme e inapelable.

Transcurrido el tiempo, el 3 de octubre de 2024, la parte demandante presentó una *Moción Urgente e Informativa y en Solicitud de Desacato*[3] contra el señor Mojica Paz.  Alegó que este continuaba con la construcción.  El 6 de octubre de 2024, el señor

---

[1] Recurso de Certiorari, SUMAC TA, apéndice documento con entrada 10.
[2] Id, apéndice documento con entrada 14.
[3] Recurso de Certiorari, SUMAC TA, apéndice documento con entrada 56.

Mojica Paz se opuso.[4]  El 11 de octubre de 2024, notificada el 16 de octubre de 2024, el Tribunal de Primera Instancia emitió una *Sentencia* en la que decretó lo siguiente:

> El remedio a imponer por el Tribunal ante una violación al Art. 14.1 de la Ley 161-2009 es claro, no deja margen a interpretaciones. Al día de hoy, a más de siete (7) meses de la radicación de este caso, el demandado Roberto Mojica Paz no ha acreditado ningún permiso de construcción sobre obra alguna realizada en su residencia localizada en la Calle 2 B-32 Urb. Ocean View en el Sector Parguera, Barrio Palmarejo del Municipio de Lajas
>
> Por tanto, se declara **CON LUGAR la DEMANDA y SE ORDENA AL SR. ROBERTO MOJICA PAZ LA DEMOLICIÓN Y REMOCIÓN de TODA** y cualquier otra obra de construcción efectuada en su residencia sin contar con los permisos otorgados por la Oficina de Gerencia de Permisos y/o Municipio con facultad para ello, incluyendo y sin limitarse a la construcción realizada en la segunda planta de la residencia que surge de las fotos anejadas por la propia parte demandada en su moción del 6 de octubre de 2024. Todo ello, a su propia costa y pecunio.

Insatisfecho el demandado acudió a este Tribunal de Apelaciones en la causa asignada al KLAN202401003.  Mediante Sentencia[5] del 3 de abril de 2025, el panel asignado, confirmó la Sentencia del TPI.  La referida Sentencia advino final y firme.[6]

Más adelante, el 3 de agosto de 2025, las partes demandantes presentaron ante el TPI una solicitud de ejecución de sentencia.  Solicitaron que se encuentre al demandado incurso en desacato por su incumplimiento con lo ordenado en cuanto a la demolición de la obra ilegal.[7]

El 26 de septiembre de 2025, Mojica Paz interpuso una *Moción De Relevo De Sentencia A Tenor Con La Regla 49.2 De Las De Procedimiento Civil*.[8]  El 3 de octubre de 2025, la parte

---

[4] Íd., entrada 57.
[5] Recurso de Certiorari, SUMAC TA, apéndice documento con entrada 66.
[6] El 20 de junio de 2025, el Tribunal Supremo de Puerto Rico proveyó *No Ha Lugar* a la apelación de Mojica Paz, en la acción AC-2025-0028.
[7] Recurso de Certiorari, SUMAC TA, apéndice documento con entrada 71.
[8] Íd., entrada 87.

demandante se opuso y ese mismo día el foro primario declaró *No Ha Lugar* la solicitud de relevo de sentencia y reiteró el señalamiento del 9 de octubre de 2025 para la vista de desacato civil.[9]

Tras ello, el Tribunal celebró vistas de desacato los días 9 y 21 de octubre de 2025 y el 10 de noviembre de 2025.[10]

Entre tanto, el 6 de noviembre de 2025, la parte demandante interpuso una *Moción Solicitando Ejecución de Sentencia*[11]. Ese día, el Tribunal de Primera Instancia emitió la *Orden.*

El 13 de noviembre de 2025, RM Communication Inc., compareció de manera especial y sin someterse a la jurisdicción, con un escrito intitulado *Moción Solicitando Autorización Para Asumir Representación Legal y Solicitud de Re-Señalamiento de Vista*.[12] La corporación adujo que las órdenes de ejecución de sentencia afectaban sus derechos propietarios por tratarse de un bien inmueble de su propiedad.

El 20 de noviembre de 2025, el foro primario emitió la siguiente Resolución:

> Comparece por primera vez ante nos RM Communications Inc, quien no es parte del caso, "de manera especial sin someterse a la jurisdicción" y solicita intervención por conducto del Lcdo. Iván Antonio Rivera Reyes. Alega que ha advenido en conocimiento de una Sentencia dictada en el presente caso que afecta un bien inmueble de la propiedad y titularidad de la corporación, donde el demandado Roberto Mojica Paz ya se defendió en foros administrativos, apelativos e incluso en el Tribunal Supremo y no obtuvo un resultado favorable. Nótese que el demandado, estando siempre representado por abogado, NUNCA levantó defensa alguna relacionada a que el bien inmueble sujeto a controversia no le pertenecía, por el contrario, defendió sus intereses como propietario.

---

[9] Íd., entradas 91 y 92.
[10] Íd., entradas 95, 107, 119-121.
[11] Recurso de Certiorari, SUMAC TA, apéndice documentos con entrada 108.
[12] Íd., entrada 116.

> Resolvemos que no habiéndose sometido a la jurisdicción y tampoco estableciendo con claridad y evidencia como se han de ver afectados los derechos propietarios de RM Communications Inc., resolvemos que no tenemos remedio alguno que proveer.
>
> De hecho, siendo RM Communicatios Inc, una corporación registrada y por tanto con acceso a información de conocimiento público, tomamos conocimiento que el presidente, secretario y tesorero de la referida corporación es el demandado en el presente caso, Roberto Mojica Paz. Por tanto, nos sorprende grandemente que siendo el presidente de la corporación que ahora desea intervenir, quiera representar al Tribunal que luego de un año de dictada la Sentencia, la corporación advino en conocimiento de algo que su presidente conoce de primera mano. Nos reafirmamos que este caso tiene Sentencia final, firme e inapelable. Corresponde al abogado de la parte que desea intervenir, examinar a cabalidad el expediente del presente caso (con la prueba anejada en las mociones), examinar la doctrina de incuria, el tiempo transcurrido, la obligación de actuar con buena fe y manos limpias, antes de plantear cualquier asunto al Tribunal.

El 8 de diciembre de 2025, RM Communication Inc., solicitó reconsideración.[13] Manifestó que era parte indispensable por ser el titular del inmueble y alegó que la sentencia emitida era nula por ausencia de parte indispensable. Incluyó en el anejo 1 un Recibo de Presentación de una escritura pública número 5 otorgada el 18 de abril de 2024 a favor de RM Communication Inc.

Respecto a la petición de RM Communication Inc., el 8 de enero de 2026, el foro primario emitió una *Resolución y Orden*, en la cual indicó "Nada que proveer. Nuevamente comparece RM Communication Inc., quien no es parte del presente caso y sin someterse a la jurisdicción del Tribunal". Más adelante, expresó:

> Pretende la corporación intervenir para anunciar o informar que sus derechos propietarios fueron afectados por una Sentencia emitida por este Tribunal sin tener jurisdicción sobre su persona ya que era una parte indispensable en el caso y nunca se acumuló como parte. Desea que, sin mayor procedimiento,

---

[13] Íd., entrada 128.

este Tribunal declare nula la Sentencia emitida obviando por completo el vehículo en derecho adecuado para ello y las reglas procesales aplicables. Ciertamente lo que corresponde en derecho es presentar un pleito aparte y separado del presente solicitando la Nulidad de Sentencia. Véase Banco Santander vs Fajardo Farms (141 DPR 237) (1996). Insistimos, la Corporación no es parte en este caso. […]

Más adelante, el foro primario expresó:

Se conceden 10 días al Roberto Mojica Paz, quien es la parte afectada por la Sentencia, para que presente su postura ante lo informado por RM Communication Inc. y haga las alegaciones procedentes en derecho y fundamentadas con prueba documental, incluyendo, pero sin limitarse a una certificación registral de la Finca #15817 de Lajas y una copia certificada de la escritura otorgada. Una vez presentada la referida moción, se conceden 10 días a la parte demandante para presentar su postura.

RM Communication no solicitó revisión de la antes mencionada *Resolución y Orden*.

De otro lado, el 21 de enero de 2026, el demandado Mojica Paz presentó una *Moción en Cumplimiento de Orden*[14], en donde reconoció que no le notificó al foro primario el cambio de titularidad del bien inmueble de referencia.

Por orden del Tribunal, el 23 de febrero de 2026, la parte demandante presentó una *Oposición a Solicitud de Reconsideración y Solicitud de Remedios.*[15]

Atendidos los escritos, el 6 de marzo de 2026, el foro primario dictó la *Resolución y Orden* objeto de este recurso. En respuesta a lo anterior, el foro primario expresó "[n]o albergamos duda que el demandado intentó burlar la justicia y a este Tribunal, vendiendo el inmueble a una corporación del [sic] la cual el mismo es el presidente, tesorero y secretario."[16] Más adelante, el foro

---

[14] Íd., entrada 130.
[15] Íd., entrada 132.
[16] Íd., entrada 135, Resolución y Orden página 4.

primario aludió a la comparecencia de RM Communication sin someterse a la jurisdicción, solicitando el relevo de la Sentencia emitida por este tribunal por ser presuntamente el titular del inmueble cuya demolición se ordenó. Sobre esto, indicó que, "en ninguna etapa de los procedimientos el demandado Mojica Paz notificó el trámite consignado en la escritura pública núm. 5 sobre compraventa, otorgada el 18 de abril de 2024, estando activo el presente caso desde febrero de 2024. Mediante esta escritura pública el demandado traspasó la titularidad del bien inmueble que ubica en Lajas a RM Communication. La corporación RM Communication pertenece al demandado Roberto Mojica quien a su vez figura como presidente, secretario y tesorero."[17] Más adelante, el foro primario razonó lo siguiente:

> En nuestro ordenamiento jurídico, por regla general una corporación tiene personalidad jurídica individual a la de sus accionistas u oficiales. DACO v. Alturas de Fl. Dev. Corp. y otro, supra, en la pág. 907. No obstante, existen circunstancias en las que un tribunal puede obviar la personalidad corporativa, es decir, descorrer el velo corporativo. En el caso de autos el demandado Mojica Paz es el único que figura como oficial de la corporación RM Communication. Aun teniendo el control total de esta corporación y realizando el trámite de compraventa justo a poco más de un mes después de que se presentara una demanda en su contra decidió vender a su corporación el bien inmueble objeto de controversia, ocultando este hecho al Tribunal en todas las etapas previas a que se dictara sentencia. Resulta ilógico considerar que, con el nivel de control y acceso a la información que posee el demandado desconociera sobre la necesidad de notificar el hecho de que había traspasado la titularidad del bien al Tribunal. **Ante este panorama jurídico alarmante nos vemos obligados a resolver el descorrer el velo corporativo toda vez que no hacerlo, permitiría que se derrotara nuestra política pública sobre el otorgamiento de permisos de construcción y equivaldría a promover una injusticia.** O sea, permitir el comportamiento del demandado abriría la puerta a que cada vez que una parte interese burlar la política pública del Gobierno y la autoridad del Tribunal, traspase la titularidad de un inmueble a una Corporación de la cual es su único accionista, sin

---

[17] Íd., página 7.

notificar al Tribunal, con el propósito único de defraudar los procesos judiciales y luego liberarse sin consecuencias de una Sentencia válidamente dictada, aduciendo nulidad por falta de parte indispensable provocada por él mismo.

Es necesario aclarar que, por medio de la Ley para la reforma del proceso de permisos en Puerto Rico, Ley Núm. 161-2009, 23 LPRA sec. 9010, se probó con la intención de reformar y transformar el sistema de permisos de construcción. Cónsono con esto, nuestra jurisprudencia ha aclarado que el remedio interdictal que provee el Art. 14.1 de la Ley de Ley para la reforma del proceso de permisos en Puerto Rico, Ley Núm. 161-2009, 23 LPRA sec. 9010, considera quien está en posesión y quien está llevando a cabo el comportamiento que busca proscribir por medio de la intervención del Tribunal 2. En el caso de autos resulta claro que el poseedor y el causante del comportamiento a prohibir es el demandado Mojica Paz. (Énfasis en original)

Respaldado en ello, encontró al señor Mojica Paz incurso en desacato y le impuso sanciones económicas. Concedió hasta el 6 de abril de 2026 para finiquitar la demolición ordenada, so pena de su arresto por desacato, sin más citarle ni oírle.

En desacuerdo, el 1ro de abril de 2026, el señor Mojica Paz acudió a este foro apelativo en la causa TA2026AP00330, junto a una moción en auxilio de jurisdicción. Ese mismo día, el panel designado emitió una *Resolución* en la cual declaró no ha lugar la Moción Al Amparo De La Regla 79 (A) del Reglamento del Tribunal de Apelaciones y denegó la expedición del auto de *certiorari* solicitado.

Tras el revés judicial para Mojica Paz, el 6 de abril de 2026, RM Communication presentó un nuevo recurso en el que reprodujo similares planteamientos a los de Mojica Paz, a saber:

**Primero**: Erró el TPI al No Anular la Sentencia Emitida A pesar de Mostrársele Evidencia de Que la Corporación Aquí Compareciente Es La Titular del Bien Inmueble en Cuestión.

**Segundo**: Erró el TPI al Sostener una Sentencia Que Ordena la Demolición de un Bien Inmueble Titularidad de una Corporación Sin Que La Misma Haya Sido Incluida en el Pleito Ni Emplazada al Respecto.

**Tercero**: Erró el TPI al Concluir Identidad de Parte de La Corporación en Cuestión con el Accionista Demandado en su Carácter Personal Sin Que se Haya Realizado Descubrimiento de Prueba Respecto a la Realidad Operacional de la Corporación.

Junto al recurso, RM Communication presentó una Moción al Amparo de la Regla 79 (A) del Reglamento del Tribunal de Apelaciones para que se paralicen los efectos de la Resolución y Orden, que emitió el Tribunal de Primera Instancia contra la que aquí se recurrió. Evaluada la solicitud en auxilio de jurisdicción, el 6 de abril de 2026, la declaramos *No Ha Lugar*.

El 16 de abril de 2026, la recurrida se opuso a la expedición del recurso y solicitó sanciones por temeridad. Disponemos.

## II.

## A.

El trámite adecuado para atender asuntos post sentencia es el recurso de *certiorari*. BPPR v. SLG Gómez-López, 213 DPR 314, 336 (2023); IG Builders et al. v. BBVAPR, 185 DPR 307, 339 (2012), véase, además, Negrón v. Srio. de Justicia, 154 DPR 79, 90 (2001). El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 207 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821, 847 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020).

Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del foro apelativo. Torres González v. Zaragoza Meléndez, *supra*; Medina Nazario v. McNeill Healthcare LLC, 194 DPR 723, 729 (2016). Así, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su

expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*. En el ámbito judicial, la discreción del tribunal revisor no debe abstraerse del resto del Derecho y, por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. Mun. Caguas v. JRO Construction, Inc. 201 DPR 703, 711-712 (2019); IG Builders et al. v. BBVAPR, *supra*, pág. 338.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, 215 DPR __ (2025), 4 LPRA Ap. XXII-B, que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Como foro revisor, nuestra tarea principal es examinar cómo los tribunales inferiores aplican el derecho a los hechos particulares de cada caso. Dávila Nieves v. Meléndez Marín, 187 DPR 750, 770 (2013). Como regla general, los foros apelativos no intervendrán en la discreción de los foros primarios a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. BPPR v. SLG Gómez-López, *supra*, pág. 334; VS PR, LLC v. Drift-Wind, 207 DPR 253, 273 (2021). La discreción cede cuando se configura un craso abuso de esta, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esa etapa evitaría un perjuicio sustancial a la parte afectada por su determinación. BPPR v. SLG Gómez-López, *supra*, pág. 334-335. El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. BPPR v. SLG Gómez-López, *supra*, pág. 335; SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 434-435 (2013); Rivera y otros v. Banco Popular, 152 DPR 140, 155 (2000).

**B.**

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, es el mecanismo procesal que le permite al foro primario relevar a una parte de una sentencia cuando esté presente alguno de los fundamentos enumerados en referida regla. Pérez Ríos et al. v. CPE, 213 DPR 203, 214 (2023). Esta regla provee un mecanismo post sentencia para impedir que se vean frustrados los fines de la justicia mediante tecnicismos y sofisticaciones. Pérez Ríos et al v. CPE, *supra*; García Colón et al. v. Sucn. González, 178 DPR 527, 543 (2010); Ortiz Serrano v. Ortiz Díaz, 106 DPR 445, 449 (1977).

En lo pertinente, la regla indica:

Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:

(a) error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.   32 LPRA Ap. V, R. 49.2*;* HRS Erase v. CMT, 205 DPR 689, 697 (2020).

Agrega la Regla 49.2, *supr*a, que "[l]a moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento.

A pesar de que la Regla 49.2 de Procedimiento Civil, *supra*, se interpreta liberalmente, el Tribunal Supremo ha advertido que esta no constituye una "llave maestra" para reabrir controversias y no debe ser utilizada en sustitución de un recurso de revisión o una moción de reconsideración. García Colón *et al.* v. Sucn. González, *supra*, pág. 541.   Aun cuando se demuestre la existencia de uno de los fundamentos expuestos en la Regla 49.2 de Procedimiento Civil, es una decisión discrecional del tribunal relevar a una parte de los efectos de una sentencia, salvo que en los casos de nulidad o cuando la sentencia haya sido satisfecha.

Pérez Ríos et al. v. CPE, *supra*, pág. 215. Por ende, el Tribunal tiene la autoridad de dejar sin efecto una sentencia cuando esta resulta nula o inexistente. Rivera v. Jaume, 157 DPR 562, 574 (2002). Atinente a lo que nos ocupa, una sentencia se considera nula cuando se ha dictado sin jurisdicción o en violación del debido proceso de ley. SLG Rivera-Pérez v. SLG Díaz-Doe et al., 207 DPR 636, 657 (2021); HRS Erase v. CMT, *supra*, pág. 699; García Colón *et al.* v. Sucn. González, *supra,* pág. 543; E.L.A v. Tribunal Superior, 86 DPR 692, 697-698 (1962).

Respecto a la parte indispensable, la Regla 16.1 de Procedimiento Civil, *supra*, la define como aquella persona que tiene "un interés común sin cuya presencia no pueda adjudicarse la controversia." 32 LPRA Ap. V. La Regla 16.1 de Procedimiento Civil "pretende: (1) proteger a las personas ausentes de los posibles efectos perjudiciales que pueda ocasionarles la resolución del caso; (2) emitir una determinación completa; y (3) evitar la multiplicidad de pleitos". Pérez Ríos et al. v. CPE, *supra*, pág. 213; FCPR v. ELA et al., 211 DPR 521, 531 (2023). Al determinar si una persona es una parte indispensable en un pleito, se requiere un enfoque pragmático e individualizado, a tenor con las particularidades de cada caso. FCPR v. ELA et al., *supra*; García Colón et al. v. Sucn. González, *supra*, pág. 549.

### III.

RM Communication alegó que el TPI emitió unas órdenes para la demolición de una propiedad que le pertenecía, sin que la corporación titular hubiese sido emplazada. Indicó que el foro primario debió conceder el relevo de sentencia por ausencia de parte indispensable. Sostuvo que el TPI mencionó el descorrer el velo corporativo, por meras inferencias de que su presidente,

tesorero y secretario era la misma persona que vendió el inmueble a RM Communication.

Evaluado el recurso, declinamos su expedición.

De los hechos que informa esta causa, surge que el 28 de febrero de 2024 varios vecinos incoaron una demanda contra Roberto Mojica Paz por construcciones ilegales en la propiedad de este. Luego de ciertos trámites procesales, el 16 de octubre de 2024, el foro primario dictó una Sentencia para ordenarle al señor Mojica Paz la demolición de las obras de construcción que no contaban con los permisos requeridos. Esa sentencia advino final y firme.

En la etapa de ejecución de la sentencia, el 13 de noviembre de 2025, compareció por primera vez RM Communication, Inc. sin someterse a la jurisdicción. Alegó que la ejecución de la sentencia afectaba sus derechos propietarios.

El 20 de noviembre de 2025, el foro primario, determinó que no tenía remedio alguno que proveerle a RM Communication. RM Communication solicitó reconsideración y alegó ser parte indispensable por ser el titular del inmueble. El 8 de enero de 2026, el foro primario reiteró su determinación de "nada que proveer". A partir de esa fecha, RM Communication podía acudir a este foro apelativo, más no lo hizo.

Independientemente a ello, en su determinación del 8 de enero, el TPI le concedió diez (10) días al demandado Roberto Mojica Pérez, para que presentara su postura ante lo informado por RM Communication. Mojica Pérez compareció el 21 de enero de 2026 y, en síntesis, reconoció en su escrito que no le notificó al foro primario sobre el cambio de titularidad del inmueble.

Finalmente, el 6 de marzo de 2026, el foro primario emitió la *Resolución y Orden*[18] cuya revisión se nos solicita.

En la determinación ante nuestra consideración, el TPI evaluó los planteamientos de todas las partes. En particular, aludió a los hechos materiales e importantes de la alegada titularidad de la RM Communication. Analizó que la demanda sobre interdicto estatutario fue incoada en contra de Mojica Paz el 28 de febrero de 2024. Posterior a este evento, el 18 abril de 2024, es que presuntamente Roberto Mojica le vendió el inmueble a RM Communication. El foro primario precisó que advino en conocimiento que el presidente, secretario y tesorero de la corporación lo era el demandado Mojica Paz y que este le ocultó al Tribunal el traspaso del referido bien. El TPI consideró que esta actuación tuvo el propósito de defraudar los procesos judiciales para luego intentar liberarse de una Sentencia válidamente dictada. Además, resaltó el hecho de que el poseedor y el causante del comportamiento a prohibir es el demandado Mojica Paz. Ante este cuadro fáctico, reiteró la orden de demolición en ejecución de sentencia.

Dentro de las particularidades de este caso, la determinación aquí cuestionada no amerita nuestra intervención. El foro primario analizó las circunstancias en que se desarrolló esta acción y ejerció su discreción adecuadamente en este caso que versa sobre una solicitud de relevo de sentencia. Luego de examinar detenidamente el expediente, no encontramos indicio de que el foro recurrido haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción, o hubiese cometido algún error de derecho. A tenor con los criterios

---

[18] Íd., entrada 135 página 7.

expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, consideramos que no se justifica nuestra intervención con el dictamen recurrido.

## IV.

Por los fundamentos antes expresados, denegamos la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones. La Juez Grana Martínez concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones